January Term, 1861.

McCABE et al.
v.
MAZZUCHELLI.

---

McCABE and another vs. MAZZUCHELLI.

A married man who held land (not exceeding forty acres) under a certificate issued by the commissioners of school and university lands, and who used the same for agricultural purposes, and occupied it as his homestead, and had paid the whole of the purchase money, but had not received a patent for the land from the state, assigned the certificate, without the signature of his wife. *Held*, that the assignment was void, under sec. 24, chap. 134, R. S., 1858.

A purchaser of land under a school land certificate, who enters into possession of it, uses it for agricultural purposes and occupies it as his homestead, may hold it as such to the extent of forty acres, although the fee remains in the state until the patent issues. *Per* COLE, J.

Under sections 7 and 8, art. X of the constitution of this state, the board of commissioners for the sale of the school and university lands are alone authorized to execute conveyances or patents for such lands; and the power thus

conferred cannot be transferred to others; and a patent for such land execu-
ted by the governor and secretary of state, is consequently void.

Upon this last point, COLE, J., desired to be understood as not expressing any
opinion.

ERROR to the Circuit Court for *La Fayette* County.

*Mazzuchelli* brought an action against *Mary* and *John
McCabe*, to recover ten acres of school or university land in
La Fayette county. To prove his title, the plaintiff offered
in evidence a patent to himself for the land in controversy,
executed by the governor and secretary of state, bearing
date April 7th, 1859. Its admission was objected to, be-
cause it was not signed by the attorney general, state treas-
urer, and secretary of state, as commissioners of the school
and university lands; but the objection was overruled. On
the part of the defendants it was proved, that Charles McCabe
purchased the land in controversy from the commissioners
of school and university lands, in May, 1851, and paid for
the same in full at the time of entry; that there was at the
time a house upon the land, and some acre or more then and
ever since used as a garden; that said Charles resided on
said land, with the defendant *Mary*, who was his wife, and
the defendant *John*, who was his child, as his homestead,
until he left for California, where he died some four years
before the trial; that since he went to California, the defend-
ants, with the rest of the family of said Charles, have con-
tinued to occupy the land, and to reside thereon; and that
the plaintiff lived only a short distance from the land, and
could have seen that it was so occupied. There was no
proof of any alienation of the land, to which the wife of
Charles McCabe assented, or in which she joined.

The circuit court instructed the jury that unless Charles
McCabe had the legal title to the land in controversy, at the
time he assigned to the plaintiff his interest therein, it was
not necessary for his wife to assent to or join in such assign-
ment, although he had paid the state in full for the land,
and then occupied it with his family, as a homestead; and
that the defendant had not introduced any evidence estab-
lishing a defense.

*James H. Knowlton*, for plaintiff in error.

*Simpson & Magoon*, for defendants in error.

January Term, 1861.

McCABE et al.
v.
MAZZUCHELLI.

April 10.

*By the Court*, DIXON, C. J.   The interest of Charles Mc-Cabe, deceased, in the land in controversy, acquired by virtue of his purchase from the commissioners of the school and university lands in May, 1851, was such that he could not in his life time have alienated it without the signature of *Mary McCabe*, his wife, who is one of the plaintiffs in error.   The land was entirely paid for, and according to the terms of the sale, nothing remained to be done except the execution by the commissioners of the proper conveyance.   In equity he was the full owner, and his interest was as large and permanent as if he had been formally invested with the fee.   It is proved that at the time of the purchase, he, with his wife and children, of whom the plaintiff in error *John McCabe*, is one, resided upon the land and occupied it as a homestead; that this occupancy continued until he went to California, where he died some four years since; and that after his departure, his wife and the rest of the family continued so to use and occupy it until the commencement of this action.   This constituted such an ownership and occupation, within sections 23 and 24 of chapter 134 of the Revised Statutes, as disabled him from mortgaging or conveying it without the signature of his wife.   This construction is intimated in *Platto vs. Cady*, [12 Wis., 461.]   We there held that the owner of a house erected upon leased lands was not disabled, but it was expressly said that one having an interest in the land of a more permanent character might be, although such interest was less than a title in fee.   We think it clear that the disability was intended to extend to a case like the present.   Therefore the instruction, that it was not necessary for the wife to assent to or join in the assignment, unless Charles McCabe had a legal title to the land at the time he assigned his right and interest therein to the defendant in error, was erroneous.

The court likewise erred in admitting in evidence the patent executed by the governor and secretary of state.   Under sections 7 and 8 of article X of the constitution, those officers cannot be empowered to execute conveyances of such lands.   Section 7 declares that the secretary of state, state treasurer and attorney general shall constitute a board of commissioners for the sale of the school and university lands.   Section

8 provides that the commissioners shall be authorized to ex-
ecute a good and sufficient conveyance to all purchasers of
such lands. The commissioners alone being authorized to
convey, the power thus conferred cannot be transferred to
others; and the patent, as a conveyance of the legal title, is
consequently inoperative and void. The case in this respect
falls fully within the principles laid down in that of the *State
vs. Hastings*, 10 Wis., 525, and we need do no more than to
refer to the opinion there expressed by a majority of the
court for a discussion of them.

The judgment must be reversed; and a new trial awarded.

COLE J. I do not wish to be understood as expres-
sing any opinion upon the point as to whether the pat-
ent introduced on the trial by the defendant in error, the
plaintiff below, was properly admitted in evidence or not.
The patent was signed by the governor and countersigned by
the secretary of state, in conformity to section 24, chap. 24,
R. S. 1849. The objection taken to the patent was, that it
was not executed by the proper officers—that by section 8,
art. X of the constitution, the commissioners of the school
and university lands were alone authorized to execute pat-
ents to purchasers of such lands, and that the patents could
not be executed by any other officers. Whether this is so
or not, I will not stop to enquire, since there is another objec-
tion to the right of the defendant in error to recover in the
action, which to my mind is insuperable.

It did not appear that *Mary McCabe* ever assented to or
joined in the sale, transfer or assignment of the school land
certificate issued by the commissioners to her husband,
Charles McCabe. And the circuit court expressly charged
the jury upon this point, that unless Charles McCabe had
the legal title to the land at the time he assigned to the
plaintiff his right and interest therein, it was not necessary
for his wife to assent to or join in such assignment, although
he had paid the state in full for the land, and was entitled to
a conveyance therefor, and occupied the premises with his
family as a homestead.

I have no doubt that a purchaser of land under a school

January Term, land certificate, who enters into possession of it, uses it for
1861. agricultural purposes, and occupies it as his homestead, may

hold it as such, to the extent of forty acres, although the fee remains in the state until the patent issues. The interest which a party takes in the land under the certificate, is, it is true, an equitable one; but I think it is sufficient to enable him to claim and hold it, as and for a homestead, and that the exemption extends to and protects such an interest, although it does not amount to a complete and perfect title in law. And when the owner is a married man, he cannot mortgage or convey that interest, or alienate his homestead, without the signature of his wife to the conveyance. I therefore think the judgment of the circuit court must be reversed on this ground.