## SEYMOUR TARRANT V. JOHN SWAIN.

1. HOMESTEAD; *Equitable Owner of Lands.* Where a person resides upon and occupies a certain piece of land, he may acquire a homestead interest therein under the homestead-exemption laws of Kansas, although he may have only an equitable interest in the land.

2. ———— *Owner of Undivided-Half of Certain Lands.* Where a person owns an undivided-half of a certain piece of land, and resides upon and occupies the land with his family, he may acquire a homestead interest in the land, under the homestead-exemption laws of Kansas, so far as such interest does not conflict with the rights and privileges of his co-tenant, although he owns only an undivided-half of the land.

*Error from Cowley District Court.*

TARRANT owned the undivided one-half of certain real property, which he occupied with his family, and which he claimed as his homestead. *Swain* owned a judgment against *Tarrant,* and caused *Tarrant's* interest in said land to be sold by the sheriff under an execution issued on such judgment. *Tarrant* moved to set aside said sheriff sale, on the ground that his homestead interest was exempt. The district court, at the March Term, 1874, refused to set said sale aside, but made an order confirming said sale. From this decision and order *Tarrant* appeals, and brings the case here on error for review.

*Alexander & Saffold,* for plaintiff in error, submitted that the legal signification of the word "owner" in the constitution is, whatever *interest* the party owns in what constitutes the residence of his family. It may be an equitable interest under a contract of purchase, or simply a leasehold: 38 N. H. 62; 11 Mich. 358; 13 Iowa, 53; 1 Dillon C. C. 45; 2 Dillon C. C. 290. It seems to us an anomaly in law that, if a debtor be sole owner of realty, he may claim a homestead exemption in it; but if he be so unfortunate as to own but the half of it, his plea for exemption must be disregarded, and his wife and children thrust out into the street.

Such could not have been the intention of the framers of our constitution, and the makers of our laws.

*Pryor & Kager*, for defendant in error, contended, that, whether the property is or is not a homestead, the court is not bound to decide, on confirming a sale of real estate; and a decision either for or against a party, upon such motion, is not *res judicata*, and conclusive between the parties; hence it cannot affect the substantial rights of the party, and will not be considered by this court. But suppose this court should consider this homestead question: Then the question would arise in this case as to whether or not a homestead exemption exists in favor of the owner of an undivided-half of real estate, and against the owner of the other undivided-half. We think our own statute settles this question in the negative, that it does not exist. Can this property be sold under "forced sale" without the consent of husband and wife? If it can, it is not a homestead. Suppose one of the part owners should bring an action for partition, and the property be sold under § 626 of the civil code, the husband being part owner, and residing upon the premises with his wife and family: would it be contended that the husband and wife, setting up a claim of *homestead*, could nullify the statute? Then the interest of a part owner may be, and is, subject to forced sale under process of law. And it appears to us that the word "owner," in the exemption law, means "one that has such a title to land that he is by virtue of such title entitled to the exclusive possession thereof." That a tenant in common has no such title in Kansas, see Gen. Stat. 748, § 597.

The opinion of the court was delivered by

VALENTINE, J.: This petition in error is prosecuted in this court for the purpose of reversing an order of the district court of Cowley county, overruling a motion of the plaintiff in error to set aside a sheriff sale. On the 27th of October 1873 said district court rendered two judgments in an action in which Swain was plaintiff and Tarrant was defendant.

The first judgment was, that Tarrant should pay to Swain, on or before December 31st 1873, $452.63, and that Swain should then convey to Tarrant the undivided-half of Lot 11 in Block 129 in the city of Winfield, Cowley county. The other judgment was in favor of Swain and against Tarrant for $226.71. This second judgment was merely a personal judgment, and had no connection whatever with said lot. Ever since and before said judgments were rendered, Tarrant and his family have resided on said lot, claiming the same as their homestead. On November 19th 1873 an execution was issued on said second judgment, and levied, December 17th 1873, on the undivided-half of said lot. Tarrant paid to Swain the amount required by said first-mentioned judgment within the time prescribed by the judgment; and the said Swain conveyed to said Tarrant by his deed of quitclaim said property, as required by said decree, on the 1st of January 1874. On February 9th 1874 said property was sold at sheriff sale on said execution, and this is the sale now in controversy. We suppose the only question involved in this case is, whether said property was exempt from said execution and sale by virtue of the homestead-exemption laws. We think it was. Both parties admit, and in fact claim, that at the time said judgments were rendered, and at the time said execution was issued and levied, Tarrant had an equitable interest in said property. Tarrant claims that this equitable interest was sufficient to uphold his homestead claim, and Swain claims that it was sufficient to uphold the levy of said execution. We think it was sufficient to uphold either, in the absence of the other; and as the homestead claim is prior in time to the levy of said execution, and indeed prior in time to the rendering of the judgment upon which said execution was issued, it is prior in right, and paramount to any claim founded upon said execution. If Tarrant's equitable interest in said property was sufficient to uphold the levy of the execution, we know of no good reason why it should not be considered sufficient to uphold the homestead claim; and if it was not sufficient to uphold the levy, then manifestly

the sale of the property should have been set aside. That an equitable interest in real estate, or an interest less than a freehold, will uphold a homestead interest, see *McKee v. Wilcox*, 11 Mich. 358; *Pelau v. DeBevard*, 13 Iowa, 53; *McCabe v. Mazzuchelli*, 13 Wis. 478; *Blue v. Blue*, 38 Ill. 9; *Conklin v. Foster*, 57 Ill. 104.

But it is claimed that Tarrant owns only the undivided-half of said lot, and that such an interest in property is insufficient to uphold a homestead claim. We can perceive no good reason why this should be so under our broad and comprehensive homestead provisions. (*Thorn v. Thorn*, 14 Iowa, 49; *McClary v. Bixby*, 36 Vt. 254.) The laws however of the various states upon this subject differ, and several decisions may be found on the other side of the question. Of course, a tenant in common can obtain no such homestead interest as will interfere with the rights or interests of his cotenant, or any person rightfully holding under his co-tenant. But this is probably the only limitation upon his acquiring a homestead interest in such property. Third parties cannot say that, because a tenant in common cannot obtain such a homestead interest as will defeat or destroy the interest of his co-tenant, that therefore he cannot obtain any homestead interest at all. Neither can his co-tenant question his right to acquire a homestead interest in the property, so long as such co-tenant is allowed to enjoy all his rights and privileges in and to said property as a co-tenant. There is a vast difference between holding property as tenants in common, and holding it as coparceners. Each co-tenant has a known, absolute, fixed, and determinate individual interest in the property. No coparcener has any such interest. In estates in coparcenary the whole of the property belongs to the coparceners jointly, as an aggregate and individual entity. It is like the property of a copartnership, no member of which has any specific interest in any article of property belonging to the copartnership. His interest is merely to share in the profit, or profit and loss, and receive dividends made from time to time, and at the final closing-up of the copartnership;

and he really has no interest as an individual in any specific article of the property belonging to the copartnership.

The order of the court below will be reversed, and cause remanded for further proceedings.

All the Justices concurring.

