## P. H. ELWELL v. WILLIAM HITCHCOCK *et al.*

1. HOMESTEAD — *Exemption* — *Judgment.*   Where the purchaser of a homestead pays the purchase-price, obtains a title-bond and possession, such person, in order to defeat an alleged prior judgment lien against the property, may show, to protect his own title, that at the date of his purchase the property was occupied by the grantor and his family as a homestead, and.therefore exempt from forced sale.

2. JUDGMENT, *When no Lien.*   Where a *bona fide* purchaser of real estate pays the purchase-price, obtains a title-bond and possession from the grantor prior to the filing of an abstract of a judgment rendered against the grantor, the judgment is no lien or incumbrance upon the real estate.

*Error from McPherson District Court.*

THE opinion states the case.   Judgment for costs against plaintiff *Elwell*, at the February term, 1887.   He brings the case here.

*Frank G. White,* for plaintiff in error.
*J. S. Nohrenhold,* defendant in error, for himself.

The opinion of the court was delivered by

HORTON, C. J.: On July 19, 1886, P. H. Elwell commenced his action against William Hitchcock, J. S. Nohrenhold, and others, alleging among other things that on the 7th day of October, 1885, he recovered a judgment against William Hitchcock for $159.06, with interest and costs; that on the 8th day of October of the same year he properly filed an

abstract of the judgment in the office of the clerk of the district court of the county where the judgment was rendered; that subsequently an execution was issued upon his judgment, but returned *nulla bona;* that William Hitchcock was seized of the equity of redemption in the northeast quarter of section 6, township 20, range 1, in McPherson county; and asking that his judgment be declared a lien upon the land; that it be sold, and the proceeds thereof applied to the payment of his and the other liens, if any, against the property. He also alleged in his petition that J. S. Nohrenhold filed in the office of the register of deeds of McPherson county, on April 20, 1886, a warranty deed from William Hitchcock to himself, of the land, but that Nohrenhold purchased the land subject to his judgment lien.

Upon the trial — which was by the court without a jury — it was shown that William Hitchcock, for a number of years prior to September, 1885, was the owner of the land in dispute; that he occupied it as a homestead; that he was a widower having two minor children; that in April, 1885, Hitchcock rented the land to Daniel J. Hagar; that Hagar was to have possession of two lower rooms of the house upon the land, but Hitchcock was to retain possession of one room in which to live; that at the time of the lease one of the children, Frank Hitchcock, about sixteen years of age, was at home with his father, and his other child, William, was at school in Iowa; that soon after the land was leased Frank went to Kingman county to work for his brother-in-law; that Hagar took possession of the land under the terms of his lease, on the 16th day of May, 1885; that Hitchcock put his household goods in one of the rooms of the house; that he came to the house from time to time to eat and sleep; that he continued to claim the house as his residence till he sold the same; that on the 21st day of September, 1885, he sold the land to J. S. Nohrenhold, giving to Nohrenhold a bond for a deed, which was filed for record in the office of the register of deeds of McPherson county; the consideration for the land conveyed was $3,460; possession of the land was given

about October 1, 1885; Nohrenhold fully paid Hitchcock for the land at the date of the execution of the title-bond, by assuming certain incumbrances, paying $300 in cash, and executing his note for $1,563. After Elwell had introduced all his testimony and rested, Nohrenhold demurred to the evidence; this demurrer was sustained by the court, and judgment rendered against Elwell for costs; exceptions were noted, and Elwell complains of the ruling.

I. It is contended on the part of the plaintiff, that if the land described in the petition was at any time the homestead of Hitchcock, the exemption therefor could only be claimed by him, and therefore that Nohrenhold could not claim it for him. It is true that Hitchcock, although duly served with a summons, failed to demur or answer, but Nohrenhold as the owner of the land had the lawful right to show if he could, that at the time of his purchase, if it were necessary to establish that fact, the land in dispute was occupied as a residence by Hitchcock and his family, and exempt from forced sale under any process of law. Of course it is true that the right to claim the benefit of the exemption law is a personal privilege, but after the owner of a homestead has sold the same, the purchaser has a right, for the purpose of establishing his own title, to show that at the date of his purchase the land was a homestead, and therefore not subject to a judgment lien or forced sale. He does this, not for the benefit of his grantor, but for the protection of his own right and title. If a purchaser of land could not do this, then it would be unsafe to purchase any homestead or other exempt property. If the land was a homestead at the time Nohrenhold purchased, then the judgment of Elwell was no lien or incumbrance. If 160 acres of farming land is occupied as a residence by the family of the owner up to the time of its sale by the owner, no judgment lien not embracing taxes or purchase-money, or improvements, can attach or affect it. (*Morris v. Ward*, 5 Kas. 239; *Hixon v. George*, 18 id. 253.)

II. It is next contended that Elwell made a *prima facie* case,

and therefore that the court erred in sustaining the demurrer to the evidence.    In this case there was no jury; the court had all the testimony introduced by the plaintiff before it; upon the testimony it appeared that Nohrenhold was the owner of the land by purchase and possession before Elwell obtained or filed his judgment with the clerk of the district court.    The judgment was dated the 7th of October, 1885; Nohrenhold bought and paid for the land of Hitchcock the 21st of September, 1885.    He obtained his title-bond and took possession prior to the judgment—about October 1, 1885.    The sale of the land and the delivery of possession by Hitchcock to Nohrenhold made Nohrenhold the absolute owner thereof. Hitchcock had no interest in the land subject to the judgment of Elwell at the time the abstract was filed.

The ruling of the trial court was in accordance with the law, and its judgment must be affirmed.

All the Justices concurring.