THE WEA GAS, COAL AND OIL COMPANY V. THE FRANK-
LIN LAND COMPANY.

1. HOMESTEAD — *Lease for Years* — *Failure of Wife to Sign.* The lease
of a homestead for several years with the right of partial occupancy
is an alienation of an interest in the homestead, and the joint con-
sent of husband and wife is essential to its validity; and where the
husband alone signed such a lease, and the wife had knowledge that
it had been executed by the husband, and was ready and willing to
have signed the same if she had been requested to do so by her hus-
band, but no request was made, and she did not join in its execu-
tion, *held*, that there was no joint consent, and that the lease was an
absolute nullity.

2. VALID DEED — *Void Lease.* A deed, subsequently made by the own-
ers, conveying the homestead, without reservation or exception, trans-
fers a complete title to the purchaser, although he may have had
knowledge of the void lease.

*Error from Miami District Court.*

THIS is a continuation of the litigation between these par-
ties which was before this court in 1890, and which is re-
ported in 43 Kas. 518. After the reversal of the judgment,
the cause was remanded to the district court, where another
trial was had, and it was then stipulated that the findings of
fact made by the court, and which are set forth in the opin-
ion in *Land Co. v. Gas Co.*, 43 Kas. 518, except finding No.
11, were admitted as facts in this case. The court then made
the following additional findings of fact:

"1. That on the 23d day of July, 1886, at the time of the
execution of the said lease by Robert Dunn to the defendant
company, said Gertrude Dunn, wife of Robert Dunn, knew
of the execution of the lease by Robert Dunn; that she came
to town that day with her husband, for the purpose and with
the intention of signing said lease jointly with her husband.

"2. She did not go to the office of the notary public with
the husband at the time of the signing. Her husband was
told at that time by the notary that it was unnecessary for
her to sign the lease.

"3. Mrs. Dunn never saw the lease or heard the lease read, and never at any time knew its terms and conditions. She did know there was a lease and what it was for.

"4. At the time of the execution of the lease, she had no consultation with any officer or representative of the defendant company concerning the lease, and never at any time made any contract or signified any consent touching the lease with any officer or representative of the defendant company.

"5. Mrs. Dunn knew at the time of the execution of the lease that her husband was a member of the defendant company.

"6. It was the custom of Mrs. Dunn to leave the details of business with her husband.

"7. I find that Mrs. Dunn consented to the lease at the time it was executed, in the sense that she was ready to sign it if requested ; that while she did not know the exact terms of this lease, she assented to the giving of such a lease, the general nature of which she did not understand.

"8. Such consent as mentioned in finding No. 7 was made to her husband only.

"9. What knowledge Mrs. Dunn had of the lease was derived from communications with her husband, and all that she did regarding it was done with her husband.

"10. That since the execution of the lease, Mrs. Dunn has never made any objections to the same.

"11. I find that there was but one lease signed by Mr. Dunn to the defendant company, and that such lease and the lease referred to in the Wadsworth contract are identical.

"12. I find that the deed from Dunn and wife to I. A. Boicourt was made in pursuance of the Wadsworth contract of sale, and that in such deed there was a mutual mistake in not excepting this lease from the terms of general warranty in said deed. The deed was made to I. A. Boicourt as an individual."

As a conclusion of law, the court found in favor of the land company, holding that the lease was null and void, and adjudged that it should be vacated and set aside. The *Gas Company* complains of that ruling, and asks for a reversal.

*Hiram Stevens,* for plaintiff in error.

*H. C. Mechem,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: There is little in the additional findings of fact to change the view that was taken when the case was here before. (*Land Co. v. Gas Co.*, 43 Kas. 518.) It appears that there was but one lease executed by Dunn, and that that one and the lease referred to in the Wadsworth coi - tract are identical. And it further appears that the officers of the land company had knowledge of the execution and delivery of a paper purporting to be the lease executed by Dunn to the oil company. It is shown beyond question, however, that no lease was in fact executed, and nothing subsequently done gave any life or validity to the lease signed by Robert Dunn. The paper was not signed by Mrs. Dunn, and there was not that joint consent necessary to give validity to an alienation of the homestead. It was held when the case was here before that a lease of a homestead, such as Dunn attempted to give, is of no validity unless given with the joint consent of husband and wife. It is true that the wife was ready to sign the lease, and would have signed it if her husband had requested her to do so, but she was not requested to sign it, and did not join in its execution. It is manifest that at that time none of the parties thought that her signature or consent was essential to the validity of the lease, and it is clear that no legal consent was sought or obtained from her. As the lease was absolutely void, Dunn and wife were at liberty to convey a complete title to a purchaser. In the conveyance which they executed no reservation or exception was made. While the land company had learned of this lease when it bought, it knew that it was one without validity as to both Mr. and Mrs. Dunn, and that no rights could be built upon it. It had a right to assume that the oil company could not maintain possession under the lease against the Dunns or any person who might hold under them. The lease being absolutely void, the Dunns held a complete title, and the effect of their conveyance was the transfer of the whole inter-

est which was vested in them. It is true that they are not here asking to avoid the lease, but where

"the owner of a homestead has sold the same, the purchaser has a right, for the purpose of establishing his own title, to show that at the date of his purchase the land was a homestead, and therefore not subject to a judgment lien or forced sale. He does this, not for the benefit of his grantor, but for the protection of his own right and title." (*Elwell v. Hitchcock*, 41 Kas. 130.)

There is a finding that there was a mutual mistake in not excepting the lease from the terms of general warranty in the deed executed by Dunn and wife. But this is unimportant in this action. The deed has never been reformed, nor have any of the parties to the same set up the mistake or asked for its correction. None of the parties to that instrument were parties in this action, and hence the finding is without force. Whether the exception of the lease from the terms of general warranty would have validated the lease is a doubtful question, which we need not decide. The reference to the lease in the Wadsworth contract does not help the oil company, and the doctrine of estoppel has no application. It was not a party to that contract, did not and had no right to rely upon it, and, as was shown in the former opinion, was not in any way affected adversely by the recital contained in that contract. As the lease was an absolute nullity, it neither passed any estate or interest to the oil company, nor did it have any operation against the Dunns or their grantees by estoppel or otherwise. We think the district court reached a correct conclusion upon the facts in the case, and therefore its judgment will be affirmed.

All the Justices concurring.