## MATILDA MORRIS V. G. H. HULME.

No. 14,200. (81 Pac. 169.)

### SYLLABUS BY THE COURT.

1. EQUITABLE MORTGAGE—*Suit for Reconveyance—Pleading.* A petition states a cause of action which alleges that the plaintiff deeded a tract of land to secure the defendant against loss by reason of the defendant's signing bonds for the appearance of the plaintiff's sons; that the bonds were forfeited and judgments rendered thereon against both plaintiff and defendant; that defendant has paid only a part, a specified sum, on one judgment; that more than six years have elapsed since the last execution was issued on the judgments; and that the plaintiff has tendered the full amount paid by defendant, with interest, and demanded a reconveyance of the land, which the defendant refused.

2. ———— *Objection to Evidence Improperly Sustained.* At the trial of a suit based on such a petition and an answer admitting the conveyance and alleging ownership of the land in the defendant, it is error to exclude evidence of the facts set forth in the petition.

3. ———— *Statute of Limitations—Measure of Damages.* In such petition the statute of limitations is not used as "a weapon of attack" but is pleaded as limiting defendant's

Morris v. Hulme.

legal liability on the judgments. If no further legal liability exists, the defendant is entitled to reimbursement,, with interest, and no more.

Error from Stafford district court; JERMAIN W. BRINCKERHOFF, judge. Opinion filed June 10, 1905. Reversed.

*D. A. Banta,* for plaintiff in error.

*Russell & Russell,* for defendant in error.

The opinion of the court was delivered by

CLARK A. SMITH, J.: The plaintiff in error, on September 1, 1903, filed her petition in the district court of Stafford county and alleged the following state of facts: In 1892 she was the owner of certain lands in that county; her two sons were arrested on a charge of felony and required to give bond in the sum of $300 each for their appearance before the district court; plaintiff procured the defendant and another neighbor to become sureties, and also signed the bonds herself; defendant demanded indemnity against loss by reason of signing the bonds, and for that purpose she executed and delivered to him a deed to the land in question; her sons failed to appear as required by the conditions of the bonds and they were duly forfeited; on April 21, 1892, judgment was obtained against the sureties on each of the bonds for $300, with interest and costs, and executions were issued April 19, 1895; no execution has since been issued on either of the judgments; on May 18, 1895, the defendant paid $250 on one of the judgments and at no time has paid any more. She claimed that any further proceeding against either the plaintiff or defendant was barred by the statute of limitations; that on August 3, 1903, she caused to be tendered to defendant $373.50 and demanded a reconveynce of the land, and that he refused the money and refused to reconvey. The plaintiff has been continuously in possession of the land.

The defendant answered admitting the conveyance of the land by the plaintiff to him, denied that the deed was an equitable mortgage, and alleged that he was the owner of the land in fee simple. Plaintiff replied by general denial.

Upon the trial the plaintiff made numerous offers of proof to sustain the allegations of her petition, but the defendant objected to any evidence on her part, which objection was sustained. The court embodied in the record its reasons for the ruling, as follow:

"The conclusion of the court is that the petition shows that these judgments against the defendant, Hulme, were brought about by reason of his liability as surety under an arrangement made between him and the plaintiff by which the land was conveyed to him, and the petition shows that these judgments were duly and regularly obtained, and that they were in amount $300 each, drawing six per cent. interest, and that Hulme has made payment of $250, which has been duly credited upon one of the judgments, and that no further payment has been made, and that the judgments are not satisfied of record, and import an existing liability, except for the bar of the statute, on the part of Hulme, and the petition failing to show that the plaintiff has satisfied these judgments, and that the liability undertaken by Hulme still exists, unless barred by the statute, the legal conclusion I reach is that the plaintiff cannot interpose the bar of the statute for the defendant; that it is a personal privilege, and that as she is in a court of equity asking that the title to the land be reconveyed by Hulme to her she must first satisfy or cause to be satisfied these judgments against Hulme; that she is in no position to raise this question by pleading the bar of the statute of limitation. Asking equity, she must do equity by removing the liability which rests upon Hulme by reason of this contract of suretyship."

This clearly is error. It is conceded that plaintiff and defendant were cosureties on the bonds and that the statute of limitations had barred any further proceeding against either on the judgments. They stand in the same relation to the state, the judgment holder,

yet the defendant says to the plaintiff: "You cannot plead the statute of limitations for me. It is true that for these many years neither you nor I have been able to discharge our legal and moral obligation to pay these judgments. The lapse of time has removed our legal obligation but the moral obligation to pay still remains. We may neither of us ever be able to discharge it, and since it cannot be compelled I am not sure I would pay it if I could. This moral obligation so stains your hands that you are not fit to appear in court nor to hold the title to your own land. It is true my hands are equally stained, but the title has been in them so long that it will not be fastidious about remaining there. Go pay these judgments. Do equity before you ask equity. If you are never able to pay the state, so much the better for me; I will hold your land forever, even though you pay me all I have expended with interest." Thus fully interpreted, the position of the defendant does not seem equitable, unless equity can be made an instrument of oppression.

The plaintiff has performed, or tendered performance of, the contract on her part, if we assume, as upon demurrer we should, the allegations of her petition to be true. She deeded the land to the defendant to indemnify him. He expended a certain sum of money under that contract and she has tendered payment of that sum with interest. All further legal liability against the defendant has been barred by the lapse of time, and the judgments are beyond revivor. If a moral obligation still rests upon her to pay the judgments, what right has he to profit by it or to say it must be discharged? She pleads the statute not to deprive him of any right or remedy but to protect herself, by showing that no further legal liability rests against him. This she had the right to do. (*Elwell v. Hitchcock*, 41 Kan. 130, 21 Pac. 109; *Insurance Co. v. Nichols*, 41 id. 133, 21 Pac. 111.)

While it is true that a stranger to an obligation

cannot plead the statute of limitations in favor of the obligor, yet a cosurety who pays a debt after it is barred by the statute of limitations cannot compel contribution against his cosurety who is equally protected by the bar of the statute. (*Gross v. Davis*, 10 Am. St. Rep. 641, note, and cases there cited.)

When, therefore, these judgments became dormant beyond revivor, the status of the obligation of plaintiff to defendant became fixed, and the defendant could impose no further obligation upon her by further payments upon the judgments; and before the plaintiff could prove this state of facts she must plead it. She had the right, for this purpose, to plead the statute of limitations as to herself and as to the defendant also.

Under the facts set forth in the petition the defendant was entitled to be recompensed for the money he had paid, with interest, and no more, and by no act of his could he impose a greater obligation upon the plaintiff. It follows that the court erred in excluding evidence of such facts.

The judgment is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.