No. 22,667.

C. J. LAVERTY and LULIE LAVERTY, *Appellants*, v. THE LARNED OIL & GAS COMPANY, a partnership, consisting of E. E. FRIZELL, A. H. MOFFITT, and C. W. STROUD, *Appellees*.

### SYLLABUS BY THE COURT.

1. TRIAL BY COURT — *Incompetent Evidence — Presumptions* Rule followed that in a trial by the court it will be presumed that only competent evidence was considered.

2. OIL LEASE—*Extension—Homestead—Joint Consent of Wife Required*. The lease in question is held to be of such character as to require the joint consent of the wife, and to render extensions agreed to by the husband alone, of no legal effect.

Appeal from Wilson district court; SHELBY C. BROWN, judge. Opinion filed June 5, 1920. Reversed.

*A. H. Ward,* of Neodesha, and *S. H. Piper,* of Independence, for the appellants.

*James W. Finley,* of Chanute, and *J. L. Stryker,* of Fredonia, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiffs sought to cancel an oil lease, failed in their action, and appeal from an adverse decree.

The pivotal provision in the instrument was this:

"The second party agrees to commence an oil or gas well on said premises on or before February 1, 1918, or in lieu thereof this lease is void from the agreed date."

The well was not begun in the time specified, two extensions were granted, and the petition alleged that during the periods thus covered no well was begun; that the conditions of the lease had been broken and the defendant notified that its lease was thereby forfeited, and demand made in writing for surrender and release.

The defendant alleged that it had paid the required rental; that the plaintiffs had requested it not to drill upon the land, but to drill upon other land, and thereby waived the provisions of their lease; and that when an attempt was made to drill upon their land the plaintiffs refused to permit such an attempt to be carried out.

The plaintiffs by their reply alleged that the requests to the defendant not to drill upon the land were void because verbal and in violation of the statute of frauds.

The court found and decreed that the plaintiffs were not entitled to cancellation; that it would be inequitable to decree cancellation; that the plaintiffs were estopped by representations to the defendant; and ordered that unless the defendant should begin drilling within a certain date fixed the lease would be forfeited.

Error is assigned upon the admission and exclusion of evidence, the denial of a new trial, and on the decree as contrary to the evidence.

Counsel in their brief condense these assignments into three points: The termination of the lease, the admission and exclusion of testimony, and the denial of a new trial; but in their written, as well as their oral, argument they base their contention almost exclusively on the proposition that the alleged waivers were not joined in by the plaintiff, Lulie Laverty, and that as the land covered by the lease was the homestead of the plaintiffs, the husband could not waive any of the pro-

visions of the lease amounting to a change therein without the joint consent of his wife and, hence, such attempted waiver by him alone was void and of no effect.

As the trial was before the court the presumption is that proper evidence only was considered in reaching its conclusion (*Wilson v. Colborn*, 106 Kan. 440, 188 Pac. 430), and we will follow counsel on both sides and assume that the real determining question in the case is the effect of the wife's failure to join in the alleged waiver. The lease in question granted for a term of ten years—

"The following described premises . . . full and exclusive authority to enter upon said premises and to drill, operate for and procure oil, gas and minerals, together with the right of taking upon said premises and removing therefrom, any machinery, tools, lumber, pipe, casing, and other things necessary in said work and to construct on said premises and remove therefrom, pumping plants, tanks, pipe lines and other things necessary in the operation of this lease, avoiding as far as possible, damage to said premises and growing crops."

This instrument is of such character as to involve the homestead rights of each of its owners. (*Land Co. v. Gas Co.*, 43 Kan. 518, 23 Pac. 630; *Gas Co. v. Land Co.*, 54 Kan. 533, 38 Pac. 790.)

Assuming that when the time limit expired, the lease, according to its terms, became void, then an extension must necessarily be equivalent to a new lease, and unless the original lease would be valid without the wife's joint consent, such extension would not be valid. (See opinion in *Watson v. Watson*, on second motion for rehearing, 106 Kan. 693, 189 Pac. 949, and cases cited.)

The provisions quoted make it plain that the instrument involved the occupation of the homestead. It is conceded that the wife did not join in the extension agreements. While it was argued that she had knowledge of them, and while she may have tacitly consented to all but the last one, she in no wise lent her consent to that one. Sometimes, invoking the homestead right may seem unfair and appear to work a hardship, but this furnishes no reason for removing any of the restrictions which the constitution and statute have placed around a Kansas home.

The decree is reversed, and the cause is remanded with directions to enter a decree in accordance herewith.