No. 33,260

ROSA V. BENNETT, *Appellee,* v. GLADYS GLAZIER et al., *Appellants.*

(66 P. 2d 370)

Opinion filed April 10, 1937.

*H. E. Walter, Fred Hurd,* both of Kingman, and *F. C. Norton,* of Salina, for the appellants.

*Clark A. Wallace* and *Paul R. Wunsch,* both of Kingman, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action to set aside a lease on a homestead and for the partition of that and other real property. The trial court made findings of fact and rendered judgment for plaintiff. The contesting defendants have appealed.

The material facts, taken mainly from the court's findings, may be summarized as follows: Plaintiff is the widow of A. J. Bennett, a resident of Kingman county, who died intestate in February, 1936, leaving as his sole heirs at law the plaintiff and three daughters and three sons, all adults. At the time of his death he was the owner of 160 acres of land in one tract and 80 acres in another tract in Kingman county, and a residence property in Wichita. In December, 1934, and for many years prior thereto, the 160-acre tract was the homestead of A. J. Bennett and his family. On December 26, 1934, A. J. Bennett alone executed an instrument purporting to lease to Houston J. Martin this 160-acre tract for a term of five years, beginning March 1, 1935. By the terms of this instrument Martin was to have possession not only of the farm land but of orchard, garden, the residence and other buildings, also of the farming implements and the livestock, including the chickens. Plaintiff did not sign, execute, or give her consent to this lease, and in fact knew nothing of it until about March 2, 1935, when she refused to agree to it. On the 18th day of March, 1935, plaintiff, by force and against her will, was removed from the homestead, together with the greater portion of the household goods and personal belongings of the family. This was done in the presence of the lessee Martin, who took possession of the homestead and of the personal property mentioned in the lease, knowing of the claims of the plaintiff and after being advised that he was taking such possession at his peril. The court held this purported lease to be void as an encumbrance upon the homestead and exempt personal property, and set it aside and ordered partition of the real property.

The defense to this action was made by the daughters of plaintiff and by Martin, and they have appealed. The sons made no defense. There is no controversy here about the interest of the respective parties in the real property. The controverted issue concerns the validity of this lease to Martin and the circumstances under which plaintiff left the homestead, appellants contending that she did so voluntarily and had therefore abandoned the homestead. Certainly the property was the homestead at the time the lease was executed and up until March 18, when plaintiff left the premises under the circumstances narrated in the evidence. It is also clear that the plaintiff knew nothing about this lease when it was executed, and never consented to it. For the lessee to occupy the premises in the manner provided therein would make it impossible for the plaintiff

to continue to occupy it. The lease therefore was void on its face. More than that, it amounted to an encumbrance of exempt personal property, which could not be done by the husband alone.

Appellants contend plaintiff voluntarily abandoned the homestead on March 18, 1935, and that the court erred in holding she was removed from the homestead by force and against her will. We shall not detail all the evidence bearing on that point, nor would it be any kindness to appellants to do so. It is sufficient to say that we have examined the evidence and considered all appellants have to say concerning it and find an abundance of competent evidence to sustain the finding of the trial court. Since whether plaintiff abandoned the homestead, or was removed therefrom by force and against her will, was a question of fact, and the finding of the court thereon was sustained by substantial evidence, this court is bound by the finding. Indeed, no legal question concerning it is presented for our review.

We find no error in the record. The judgment of the court below is affirmed.