(967 P.2d 359)
No. 79,126

CHRISTOPHER J. PIERCE and PAULA J. PIERCE, *Appellees*, v. DAVID L. BOHANNON, *Appellant*.

Opinion filed November 20, 1998.

*Michael G. Coash*, of El Dorado, for appellant.

*Derrick Roberson* and *John D. Conderman*, of Arthur-Green, L.L.P., of Manhattan, for appellees.

Before ELLIOTT, P.J., GREEN, J., and ROGG S.J.

GREEN, J.: This suit involves a quiet title action. David L. Bohannon appeals from a summary judgment granted in favor of Christopher J. Pierce and Paula J. Pierce. On appeal, Bohannon contends that the trial court erred in granting summary judgment because he had a valid judgment lien against the real property that was the subject of the quiet title action. We disagree and affirm.

The facts in this case are undisputed. The Pierces purchased the property in question from Kristine L. Johnston and David K. Johnston. Kristine was previously married to Bohannon. According to the couple's divorce in 1983, Kristine was ordered to pay monthly child support to Bohannon. In 1995, Bohannon filed a lien against the subject property, claiming that Kristine owed $21,840 in back child support. The Johnstons later sold the property to the Pierces in June 1995. Until that time, the property had been the primary residence and homestead of the Johnstons since its purchase in 1992.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal we apply the same rules, and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. See *Saliba v. Union Pacific R.R. Co.*, 264 Kan. 128, 131-32, 955 P.2d 1189 (1998).

*In re Marriage of Johnson*, 19 Kan. App. 2d 487, 492, 872 P.2d 308 (1994), clearly states that the homestead exemption, found in Article 15, Section 9, of the Kansas Constitution, "protects a homestead from forced sale to satisfy a past due child support judgment." The question presented in this case is whether the voluntary sale of the homestead, owned by one who has neglected to pay court-ordered child support, subjects the homestead, now owned by a different party, to a child support judgment lien.

In *Elwell v. Hitchcock*, 41 Kan. 130, 132, 21 Pac. 109 (1889), our Supreme Court decided that a purchaser for value of a homestead, who receives title and possession, can defeat a prior judgment lien against the property by showing that at the time of the purchase the property was occupied by the grantor as a homestead and as such was exempt from forced sale. The court explained:

"[I]t is true that the right to claim the benefit of the exemption law is a personal privilege, but after the owner of a homestead has sold the same, the purchaser has a right, for the purpose of establishing his own title, to show that at the date of his purchase the land was a homestead, and therefore not subject to a judgment lien or forced sale. He does this, not for the benefit of his grantor, but for the protection of his own right and title. If a purchaser of land could not do this, then it would be unsafe to purchase any homestead or other exempt property. If the land was a homestead at the time [the purchaser] purchased, then the judgment of [the seller] was no lien or incumbrance." 41 Kan. at 132.

Despite the above case law, Bohannon argues the law in Kansas should be changed. He argues the homestead exemption should

be strictly construed against the judgment debtor and for the benefit of the judgment creditor. Although *Elwell* was decided more than 100 years ago, it has recently been cited with approval. See *Bank of Kansas v. Davison*, 253 Kan. 780, 783, 784, 861 P.2d 806 (1993). Absent an indication from our Supreme Court that it is departing from its precedent, this court has a duty to follow that precedent. *State v. Jones*, 19 Kan. App. 2d 913, 915, 878 P.2d 845, *rev. denied* 255 Kan. 1005 (1994).

Affirmed.