No. 97,627

CHRISTOPHER J. REDMOND, TRUSTEE *Appellant*, v. DONALD
KENTON KESTER and CHARLOTTE YVONNE KESTER *Appellees*.

(159 P.3d 1004)

Opinion filed June 8, 2007.

*Christopher J. Redmond*, Husch & Eppenberger, LLC, Kansas City, Missouri,
argued the cause and was on the brief for the appellant bankruptcy trustee.

No appearance by appellees.

The opinion of the court was delivered by

ROSEN, J.: This case involves a certified question from the Tenth Circuit Court of Appeals regarding the application of the Kansas homestead exemption in a bankruptcy proceeding.

Donald and Charlotte Kester purchased a house by warranty deed in 1994 and immediately began occupying it. In 1996, the Kesters transferred the ownership of the house via a quitclaim deed to the Charlotte Kester Trust, a revocable trust with Charlotte Kester as the trustee. Both of the Kesters were named as beneficiaries of the Trust.

In 2002, the Kesters filed a joint petition for a Chapter 7 bankruptcy, claiming the house as exempt property under K.S.A. 60-2301, the homestead exemption. The Bankruptcy Trustee objected to the exemption and filed an adversary proceeding to compel the Kesters to turn over the house to the bankruptcy estate. The Federal bankruptcy court denied the Bankruptcy Trustee's motion, holding that the Kesters were entitled to the homestead exemption. The Bankruptcy Trustee appealed, and the bankruptcy court appellate Panel affirmed. The Bankruptcy Trustee then appealed to the Tenth Circuit. Before resolving the Bankruptcy Trustee's appeal, the Tenth Circuit submitted the following certified question for us to decide:

"May a Chapter 7 bankruptcy debtor claim the homestead exemption allowed by Kan. Stat. Ann. § 60-2301 for real property that was placed in a self-settled living revocable trust prior to the bankruptcy, where the settlor and the beneficiary, as well as the bankruptcy debtor, are the same person?"

We review certified questions as questions of law using an unlimited standard of review. *Farmers Ins. Co. v. Southwestern Bell Tel. Co.*, 279 Kan. 976, 977, 113 P.3d 258 (2005).

K.S.A. 60-2301 provides:

"A homestead to the extent of 160 acres of farming land, or of one acre within the limits of an incorporated town or city, or a manufactured home or mobile home, occupied as a residence by the owner or by the family of the owner, or by both the owner and family thereof, together with all the improvements on the same, shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, when that relation

exists; but no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon. The provisions of this section shall not apply to any process of law obtained by virtue of a lien given by the consent of both husband and wife, when that relation exists."

The Bankruptcy Trustee asserts that the debtors cannot claim the homestead exemption in their Chapter 7 bankruptcy action because the real estate is owned by a trust rather than the debtors. According to the Bankruptcy Trustee, the debtors did not have an interest in the real estate after they executed a quit claim deed transferring their interest in the real estate to the trust. The Bankruptcy Trustee argues that the debtors voluntarily alienated their homestead rights in the real estate when they executed the quit claim deed.

The homestead exemption codified in K.S.A. 60-2301 originates in the Kansas Constitution, which provides in relevant part:

"A homestead to the extent of one hundred and sixty acres of farming land, or one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, together with all the improvements on the same, shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, when that relation exists; but no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon: Provided, That provisions of this section shall not apply to any process of law obtained by virtue of a lien given by the consent of both husband and wife . . . ." Kan. Const. Art. 15, § 9.

This constitutional right has been zealously guarded and enforced by the courts of this state. See, *e.g.*, *State ex rel. Braun v. A Tract of Land*, 251 Kan. 685, 840 P.2d 453 (1992) (finding statute unconstitutional because it presumed a violator's waiver of homestead exemption in forfeiture of real estate for violations of Uniform Controlled Substances Act); *Celco, Inc. of America v. Davis Van Lines, Inc.*, 226 Kan. 366, 598 P.2d 188 (1979) (invalidating waiver of homestead exemption by executory contracts as against public policy); *State, ex rel., v. Mitchell*, 194 Kan. 463, 399 P.2d 556 (1965) (invalidating statutory provision allowing padlocking of homestead for illegal sale and possession of intoxicating liquor); *Stowell v. Kerr*, 72 Kan. 330, 332, 83 Pac. 827 (1905); *Tarrant v.*

*Swain*, 15 Kan. 146 (1875); *Moore v. Reaves*, 15 Kan. 150 (1875) (holding that equitable owner of interest in real estate who occupies it as his homestead cannot transfer his equitable interest without consent of his wife and, under such circumstances, purchaser of equitable interest is only entitled to money judgment rather than deed to real estate); *Pierce v. Bohannon*, 25 Kan. App. 2d 652, 967 P.2d 359 (1998), *rev. denied* 266 Kan. 1109 (1999) (holding that voluntary sale of homestead, owned by one who has neglected to pay court-ordered child support, does not subject homestead to child support judgment lien); *In re Estate of Phillippe*, 23 Kan. App. 2d 436, 933 P.2d 151, *rev. denied* 262 Kan. 961 (1997) (protecting the homestead exemption for a decedent's estate even though the decedent had moved to a nursing home prior to his death); *In re Marriage of Johnson*, 19 Kan. App. 2d 487, 872 P.2d 308 (1994); (preventing sale of homestead to satisfy judgment lien for child support); *In re Estate of Fink*, 4 Kan. App. 2d 523, 533, 609 P.2d 211, *rev. denied* 228 Kan. 806 (1980) (applying the homestead exemption to widow who had moved, torn down her house, and sold part of property to her daughter because she planned to move into new house her daughter was building on homestead at some point in future).

The homestead exemption was established for the benefit of the family and society "to protect the family from destitution, and society from the danger of her citizens becoming paupers." *Morris v. Ward*, 5 Kan. 239, 244 (1869). Because the manner in which the homestead exemption may be alienated is specifically enumerated in the constitutional provision, courts must liberally construe the constitutional provision without restricting its application. *West v. Grove*, 139 Kan. 361, 366, 31 P.2d 10 (1934) (refusing to uphold a waiver of homestead rights because the waiver did not specifically mention homestead rights and the debtor did not have any homestead rights at the time the contract with the waiver was signed).

With our forebears' commitment to the protection of the homestead in mind, we turn to the question of what type of interest is necessary for claiming the homestead exemption. In *Cole v. Coons*, 162 Kan. 624, 633, 178 P.2d 997 (1947) (holding homestead claim

does not prevent partition of real estate between cotenants), this court stated:

"We are not holding that it is always essential, in order to establish a homestead right upon real property, that the husband or wife shall have had full title to the property. A homestead right of occupancy may be established upon a cotenancy title, an equitable title, or an executory contract to purchase, a leasehold estate, or an estate for life as against almost any class of claimants except cotenants."

Although the *Cole* court's comments are dicta, they accurately summarize the law as it relates to claiming a homestead interest in real estate. See, *e.g.*, *Bennett v. Glazier*, 145 Kan. 571, 66 P.2d 370 (1937) (refusing to enforce lease on real estate claimed as homestead because wife had not consented to lease); *Walz v. Keller*, 102 Kan. 124, 169 Pac. 196 (1917) (upholding homestead right to land held under contract for purchase); *Stowell v. Kerr*, 72 Kan. at 332 (protecting homestead interests of debtor even though third party held deed as security for repayment of down payment); *Tarrant* 15 Kan. 146 (upholding homestead claim by debtor who held equitable interest in property); *In re Estate of Fink*, 4 Kan. App. 2d at 533 (applying homestead exemption to a former owner who sold her interest to a family member).

In *Stowell*, a judgment creditor sought to force the sale of real estate occupied by the debtor but owned by a third party who held the deed as security for the purchase price. Even though the judgment debtor did not own a fee simple title to real estate, this court held that a preexisting judgment lien did not attach to the real estate because the debtor occupied the real estate as his homestead. 72 Kan. at 332.

In *Tarrant*, this court set aside a sheriff's sale of real estate because the debtor occupant, who held an equitable interest in the real estate, claimed a homestead exemption. 15 Kan. at 148. Without specifying the nature of the debtor's equitable interest, the *Tarrant* court rejected the judgment creditor's argument that an equitable interest was insufficient for the homestead claim. If the interest was sufficient to uphold a levy of execution, the debtor reasoned, it was also sufficient to uphold a homestead claim. The debtor argued that the term "owner" in the constitutional provision protecting a homestead includes whatever interest the party owns

in a family residence. 15 Kan. at 146. The *Tarrant* court agreed, stating:

"It seems to us an anomaly in law that, if a debtor be sole owner of realty, he may claim a homestead exemption in it; but if he be so unfortunate as to own but the half of it, his plea for exemption must be disregarded, and his wife and children thrust out into the street. Such could not have been the intention of the framers of our constitution, and the makers of our laws." 15 Kan. at 146-47.

Nearly 100 years after the decision in *Tarrant*, this court addressed the meaning of the term "owner" as it was used in the mechanic's lien statute (K.S.A. 60-1101). In *Toler v. Satterthwaite*, 200 Kan. 103, 106, 434 P.2d 814 (1967), this court interpreted the term "owner" broadly enough to include holders of an equitable interest in addition to those that hold a legal title to real estate. The facts in *Toler* involved a mechanic's lien resulting from the construction of a house. The Satterthwaites contracted with a builder for the construction of a house. The builder purchased the lot and filed a warranty deed for the real estate. Prior to receiving the deed from the builder, the Satterthwaites granted a mortgage on the real estate to a lender and filed the mortgage of record. Six days later, the builder transferred the deed to the Satterthwaites. Thereafter, a subcontractor that had performed work during the construction of the house filed a mechanic's lien, naming the Satterthwaites as the owners. A few days after the lien was filed, the builder was adjudicated a bankrupt. The Satterthwaites argued that they were not the owners because they only had an executory contract to purchase the house when the work was completed. The *Toler* court disagreed, stating that "the word 'owner' does not admit of any narrow construction that it include only the holder of the fee, but means the owner of an interest or estate in real property, and includes every character of title, whether legal or equitable, fee simple or leasehold." 200 Kan. at 109.

Although *Toler* addresses the term "owner" as it relates to the mechanic's lien statute rather than the homestead exemption, the *Toler* court's broad definition of the term "owner" coincides with the *Tarrant* court's broad interpretation of the same term. The definitions from both *Toler* and *Tarrant* reflect the liberal protec-

tion intended by the framers of our state constitution when they crafted the homestead provision. See *Grove*, 139 Kan. at 366.

*Toler* and *Tarrant* are also instructive because they harmonize both the burdens and the benefits attributable to the owner of an interest in real estate, regardless of whether the interest is a fee simple. If an owner bears the burden for improvements to real estate occupied as a homestead and subject to a mechanic's lien, the same owner should receive the benefits of the homestead exemption to protect the same real estate from third-party creditors. As the *Tarrant* court noted, an interest sufficient for a levy of execution is sufficient for a homestead exemption. 15 Kan. at 148-49.

Even the alienation of the fee simple title to real estate is insufficient to invalidate the homestead exemption when the occupant of the real estate intends to continue that occupation after the alienation of the title. In *In re Estate of Fink*, the Court of Appeals broadly applied the homestead exemption to a former owner who sold her interest to a family member. 4 Kan. App. 2d at 533. *Fink* involved a judgment creditor's attempt to force the sale of 70 acres of real estate to satisfy a debt against the estate of the deceased Joseph Fink. Fink's widow claimed a homestead exemption in the real estate. The judgment creditor challenged the widow's homestead claim because she had torn down the house, moved away from the property, and conveyed the portion of the property where the house had been located to her daughter. The *Fink* court noted that the widow had co-signed on a note and obtained a building permit so her daughter and son-in-law could build a house. The widow planned to live in the basement of her daughter's house when she retired. Because the widow planned to live at her daughter's house during the widow's lifetime, the *Fink* court upheld the homestead exemption, reasoning as follows:

"The establishment of a homestead interest does not depend upon being the titleholder of the property in question. Those persons referred to in the homestead provisions of the Kansas Constitution and statutes may enjoy a homestead interest, but not an interest rising to the rank of an estate. [Citation omitted.] Therefore, the fact that [the widow] purportedly retained no interest in the 24 acres conveyed

to her daughter and son-in-law need not extinguish her homestead interest in the property. [Citation omitted.]" 4 Kan. App. 2d at 533.

Following the precedent established since the inception of the Kansas Constitution, we hold that debtors may claim the homestead exemption based on any interest in real estate, whether legal or equitable, as long as the debtors have not abandoned their occupation of or intent to occupy the real estate. Accordingly, the term "owner" as used in K.S.A. 60-2301 applies to the holder of any interest in real estate, regardless of whether the interest is in fee simple.

Now that we have determined what interests qualify for the protection of the homestead exemption, the next question is whether a trust beneficiary has any interest in real estate owned by the trust. By definition, a trust beneficiary holds an equitable interest in the property held by the trust. "Equitable interest" is defined as: "An interest held by virtue of an equitable title or claimed on equitable grounds, such as the interest held by a trust beneficiary. Black's Law Dictionary 829 (8th ed. 2004). Although the beneficiary's equitable interest is derived from the trust settlor, it is not dependent on a distinction between the identity of the settlor, the identity of the trustee, and the identity of the beneficiary. See K.S.A. 58a-402 (allowing the creation of a trust in which the settlor is the trustee and a beneficiary, as long as there is another beneficiary). Therefore, a trust beneficiary possesses an equitable interest in real estate held by the trust regardless of whether the beneficiary is also the settlor and the trustee of the trust.

Based on our conclusions that a beneficiary has an equitable interest in real estate owned by the trust and an equitable interest is sufficient to claim the homestead exemption as long as the claimant occupies the real estate, our answer to the certified question is yes. A Chapter 7 bankruptcy debtor may claim the homestead exemption allowed by K.S.A. 60-2301 even though the real property is transferred to a self-settled, living, revocable trust prior to the bankruptcy and the bankruptcy debtor is the both the settlor and a beneficiary of the trust.

Our affirmative response to the certified question is supported by K.S.A. 58a-1107, which provides:

"(a) The transfer by warranty deed of real property into an inter vivos trust shall not affect the coverage of any title insurance if the settlor of such trust is and remains a beneficiary of such trust during the settlor's lifetime.

"(b) Upon the transfer taking effect: (1) The trustee shall be deemed to be insured; and (2) the insurance coverage for such trust shall be subject to the defenses which the insurance company has under the policy against the original named insured.

"(c) *If the settlor is a beneficiary of such trust at the time of the transfer, the transfer of such property into such trust shall not: (1) Affect any homestead exemption or redemption rights*; or (2) cause a due on sale or similar clause to be effective under a mortgage or security interest.

"(d) This section shall be a part of and supplemental to the Kansas uniform trust code." (Emphasis added.)

The Bankruptcy Trustee argues that K.S.A. 58a-1107 does not apply to the facts in this case because the statute is not retroactive and the debtors did not transfer the property to the trust using a warranty deed. Although we agree that the statute does not apply under the facts of this case, we must reject the Bankruptcy Trustee's argument that the statute does not apply retroactively. K.S.A. 58a-1106(a)(1) makes the Kansas Uniform Trust Code applicable to "all trusts created before, on, or after its effective date." However, the Bankruptcy Trustee correctly asserts that the debtors in this case do not meet the statutory requirements for K.S.A. 58a-1107(c) because they did not transfer the property to the trust with a warranty deed. Regardless of the applicability of the statute to the facts in this case, K.S.A. 58a-1107 demonstrates the legislature's intent to define the term "owner" in K.S.A. 60-2301 broadly enough to include beneficiaries who hold an equitable interest in real estate.

We find further support for our answer to the certified question in the purpose of the homestead exemption, which was created to benefit families rather than creditors by protecting the family from the destitution caused by losing the family home. *Morris v. Ward,* 5 Kan. at 244. The drafters of the Kansas Constitution instituted the protection of the homestead as core public policy by incorporating a homestead provision into the Kansas Constitution at the time of its adoption and ratification in 1859. See Kan. Const. Art. 15, § 9. The homestead exemption in K.S.A. 60-2301 is derived

from the constitutional provision. Defining the term "owner" in K.S.A. 60-2301 broadly to include occupants of real estate who hold any type of interest, including an equitable interest, is consistent with the public policy of protecting Kansas citizens from the hardships associated with losing the family home.

During oral argument, the Bankruptcy Trustee argued that our decision should consider whether the debtor has transferred the real estate into a trust in an attempt to defraud creditors. We find no support for the Bankruptcy Trustee's argument. The homestead exemption, like the constitutional homestead provision it is derived from, does not distinguish between debtors with clean hands and those without. Indeed, this court has specifically stated:

"The homestead provision of our constitution sets forth the exceptions and provides the method of waiving the homestead rights attached to the residence. These exceptions are unqualified. They create no personal qualifications touching the moral character of the resident nor do they undertake to exclude the vicious, the criminal, or the immoral from the benefits so provided." *State, ex rel., v. Mitchell*, 194 Kan. at 465-66.

Moreover, our legislature has established a statutory protection for creditors against the fraudulent conveyance of property into a self-settled revocable trust. K.S.A. 58a-505(a)(1) provides:

"(a) Except as provided by K.S.A. 33-101 *et seq.* [fraudulent conveyances] and 33-201 *et seq.* [Uniform Fraudulent Transfer Act], and amendments thereto, whether or not the terms of a trust contain a spendthrift provision, the following rules apply:

"(1) During the lifetime of the settlor, the property of a revocable trust is subject to claims of the settlor's creditors."

K.S.A. 58a-505 prevents the fraudulent conveyance of property to self-settled trusts to avoid creditors. We note, however, that K.S.A. 58a-505 contains no language excluding the property held by the trust from the application of the exemptions found in K.S.A. 60-2301. Thus, the property held by a self-settled, revocable trust is available to satisfy the settlor's creditors unless the property is specifically exempted from levy, attachment, or execution by another statutory provision.

We are unpersuaded by the Bankruptcy Trustee's inconsistent position regarding real estate held by a self-settled, revocable trust.

On one hand, the Bankruptcy Trustee claims that the debtors own a sufficient interest in the real estate to include it in the bankruptcy estate for the benefit of the debtors' creditors. On the other hand, the Bankruptcy Trustee claims that the debtors' interest in the real estate is insufficient for the homestead exemption. The Bankruptcy Trustee offers no authority to support this distinction between the interest sufficient for the bankruptcy estate and the interest sufficient for the homestead exemption. On the contrary, this court rejected such a distinction in *Tarrant v. Swain*, which held that if the interest was sufficient to uphold a levy of execution, it was also sufficient to uphold a homestead exemption. 15 Kan. at 148-49. Therefore, if a debtor's interest in real estate is sufficient to include the real estate in the bankruptcy estate, it is also sufficient for the application of the homestead exemption as long as the debtor occupies the real estate.

We interpret K.S.A. 60-2301 to broadly include occupants of real estate who hold any type of interest, including an equitable interest in the real property. We therefore hold that under the facts submitted by the certifying court the answer to the certified question is yes.