**UNIVERSITY NATIONAL BANK, a Colorado banking corporation, Plaintiff-Appellant,**

v.

**Virginia HARSH, Defendant-Appellee.**

No. 91CA0049.

Colorado Court of Appeals, Div. III.

March 12, 1992.

Schur, Olive & Gavaldon, Stewart Olive, Robert Schur, Fort Collins, for plaintiff-appellant.

Lind Lawrence & Ottenhoff, George H. Ottenhoff, Greeley, for defendant-appellee.

Opinion by Judge RULAND.

Plaintiff, University National Bank, appeals from the judgment of the trial court allowing defendant, Virginia Harsh, to claim the full $20,000 homestead exemption on a residence. We affirm.

The following facts are not in dispute. Defendant and her now deceased husband owned their residence as joint tenants from 1932 until June of 1982. At that time, they conveyed the property to an individual, who then deeded an undivided one-half interest to the J. Kenneth Harsh Trust and an undivided one-half interest to the Virginia Harsh Trust. Defendant continued to occupy the residence.

In 1986, the Bank obtained a judgment against defendant. However, before the Bank foreclosed on its judgment lien, defendant, acting as trustee of the Virginia Harsh Trust, caused the trust to convey its undivided one-half interest in the residence back to her personally for nominal or no consideration.

Thereafter, defendant filed bankruptcy under Chapter 7 of the Bankruptcy Code. As pertinent here, the Bank requested an exemption from defendant's discharge pursuant to 11 U.S.C. § 523 (1988). The bankruptcy court granted the Bank's request. Consequently, the Bank's lien on the residence survived defendant's discharge.

The Bank then instituted this action to foreclose its lien. In response, defendant gave notice that she was claiming the $20,-000 homestead exemption. The trial court determined that the Bank was a lien creditor holding first priority against defendant's interest in the residence and, consequently, ordered the realty to be sold. However, the trial court also granted defendant the maximum amount of the homestead exemption.

The conveyance from the trust to defendant is not challenged. *See Weare v. Johnson*, 20 Colo. 363, 38 P. 374 (1894) (exemption may be claimed after a judgment lien is recorded if title is acquired before execution on the judgment). Instead, the Bank claims that the trial court erred in allowing defendant the full $20,000 homestead exemption.

Specifically, the Bank contends that the maximum homestead exemption applies to the property itself and not to any particular ownership interest. Therefore, according to the Bank, the full amount of the exemption must be prorated among the owners. Because defendant owns a one-half undivided interest, the Bank argues that she was entitled to a homestead exemption of only $10,000. We find no merit in this contention.

■■■ Pursuant to § 38–41–201, C.R.S. (1982 Repl.Vol. 16A):

> Every homestead in the state of Colorado *occupied as a home by the owner thereof or his family* shall be exempt from execution and attachment arising from any debt, contract, or civil obligation not exceeding in value the sum of twenty thousand dollars in actual cash value in excess of any liens or encumbrances on the homesteaded property in existence at the time of any levy of execution thereon. (emphasis added)

Under § 38–41–201 and § 38–41–203, C.R.S. (1982 Repl.Vol. 16A), the homestead exemption attaches automatically upon occupancy of real property as a home by the owner or the owner's family. *See In re Estate of Dodge*, 685 P.2d 260 (Colo.App. 1984); *Dallemand v. Mannon*, 4 Colo.App. 262, 35 P. 679 (1894).

It is the longstanding policy of this state to preserve the home for the family, even at the sacrifice of creditors' claims. *In re Estate of Dodge, supra; McPhee v. O'Rourke*, 10 Colo. 301, 15 P. 420 (1887). This is because the exemption helps protect the homeowner and the homeowner's family from the pernicious effects of poverty and thus assists in the objective of retaining family stability. *In re Estate of Dodge, supra;* Riesenfeld, *Homestead and Bankruptcy in Colorado and Elsewhere*, 56 U.Colo.L.Rev. 175 (1985).

Here, the record reflects that defendant has long occupied the residence as a co-owner. Thus, consistent with the public policy of this jurisdiction, we conclude that the full $20,000 homestead exemption attached to defendant's residence. Further, since the J. Kenneth Harsh Trust was legally incapable of occupying the residence and claiming the exemption, we concur with the trial court's conclusion that defendant was entitled to claim the full amount of the exemption.

Contrary to the Bank's contention, we are not persuaded that cases such as *In re Pruitt*, 829 F.2d 1002 (10th Cir.1987); *In re Robinson*, 44 B.R. 292 (D.Colo.1984); and *In re Lambert*, 34 B.R. 41 (D.Colo.1983) require us to reach a different conclusion.

Each of these cases concerned a debtor in bankruptcy and a co-owner or joint tenant who was not a bankruptcy debtor. As a result, each co-owner had a right to claim the exemption. Thus, the debtor co-tenant's claim for a full homestead exemption, if granted, would have precluded the remaining co-tenants from claiming any of its benefits. In each case, the courts ruled that there is only one homestead exemption and that it attaches to the realty in such a way that its full protection cannot be claimed by one joint owner occupant to the exclusion of the other owner occupants.

Here, however, defendant is the only co-tenant who is capable of claiming the homestead exemption. As a result, defendant is not claiming the exemption to the exclusion of the J. Kenneth Harsh Trust. Hence, we perceive no error in the trial court's decision to grant defendant the full homestead exemption.

The judgment is affirmed.

METZGER and JONES, JJ., concur.