**In re Elaine Margaret DICKINSON, Debtor.**

**Bankruptcy No. 95–11160 RJB.**

United States Bankruptcy Court, D. Colorado.

Aug. 14, 1995.

Barton S. Balis, Boulder, CO, for debtor.

Helen R. Stone, Stone, Sheehy, Rosen & Byrne, P.C., Boulder, CO, for Jerry Dickinson.

John T. Sullivan, Boulder, CO, pro se.

## AMENDED MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for hearing on July 31, 1995, on objections to the Debtor's claim of the homestead exemption filed by creditor John T. Sullivan and by Jerry Dickinson, the ex-husband of the Debtor.

The homestead exemption in Colorado is set forth in C.R.S. § 38–41–201 and reads as follows:

> **Homestead exemption.** Every homestead in the state of Colorado occupied as a home by the owner thereof or his family shall be exempt from execution and attachment arising from any debt, contract, or civil obligation not exceeding in value the sum of thirty thousand dollars in actual cash value in excess of any liens or encumbrances on the homesteaded property in existence at the time of any levy of execution thereon.

On July 24, 1994, the Debtor and her then husband, Jerry Dickinson, entered into a Separation Agreement [Exhibit 2] which was later incorporated into a Decree of Dissolution of Marriage entered August 3, 1994. That Agreement and Decree provided that the former family home at 726 Wagonwheel Gap Road in Boulder, Colorado, would be sold immediately. The sales price was set at $223,000, with periodic reductions in price such that if the home was not sold in 120 days the price would be lowered to $195,000. During the pendency of the sale the Debtor was allowed to occupy the home, but would be responsible for all expenses associated with the home including mortgage payments, taxes, insurance, utilities, repairs and upkeep.

Further, the parties agreed, and the state court ordered, that:

> There is a mortgage against this property with a balance of approximately $84,000. Costs of sale shall be paid from the proceeds before distribution. The net proceeds from sale, after payment of the mortgage balance and costs of sale, shall be divided between the parties as follows: The first $16,500 shall be paid out to Respondent [Jerry Dickinson] to return a portion of inherited funds which are invest-

ed in the property. Secondly, an amount equal to the marital portion of Petitioner's P.E.R.A. and T.S.A.'s (in the combined amount of $35,283) shall be distributed to Respondent [Jerry Dickinson]. The remaining proceeds shall be divided equally between the parties.

Capital gains taxes shall be borne equally by the parties.

Thus, the state court used the home as a means of equitable property division between the parties in the dissolution proceeding.

In the absence of bankruptcy the distribution of the proceeds of the sale of the residence would be calculated approximately as follows:

### Calculation A

| | |
|---|---|
| Sales price | $195,000.00 |
| Costs of sale (@10%) | −19,500.00 |
| | 175,500.00 |
| Mortgage pay off | −84,000.00 |
| | 91,500.00 |
| Jerry (Inheritance) | −16,500.00 |
| | 75,000.00 |
| Jerry (Retire. share) | −35,283.00 |
| | $ 39,717.00 |

Then, both the Debtor and Jerry Dickinson would receive ½ of $39,717.00, or $19,858.50.

Apparently, the Debtor argues that because she is now in bankruptcy and is allowed to claim the Colorado Homestead exemption of $30,000, that this $30,000 should be deducted *prior* to payment to Jerry Dickinson of his inheritance share and his retirement share. This would result in a calculation as follows:

### Calculation B

| | |
|---|---|
| Sales price | $195,000.00 |
| Costs of sale (@10%) | −19,500.00 |
| | 175,500.00 |
| Mortgage pay off | −84,000.00 |
| | 91,500.00 |
| Homestead exemption | −30,000.00 |
| | 61,500.00 |
| Jerry (Inheritance) | −16,500.00 |
| | 45,000.00 |
| Jerry (Retire. share) | −35,283.00 |
| | $ 9,717.00 |

And, thus, the Debtor and Jerry Dickinson would share $9,717.00, or $4,858.50, and the Debtor's share would be subject to the claims of creditors.

The cases hold that there is only one homestead, and it attaches to realty in such a way that its protection cannot be claimed by one joint owner to the exclusion of others. *In re Pruitt,* 829 F.2d 1002 (10th Cir.1987); *In re Robinson,* 44 B.R. 292 (D.Colo.1984). That is the reason that the courts have required that the homestead exemption be applied *before* any determination is made with respect to any specific joint owner's equity that may be subject to the claims of *creditors* in a bankruptcy case. *In re Lambert,* 34 B.R. 41 (Bankr.D.Colo.1983). Thus, as between the Debtor and her creditors, this calculation is correct—as far as it goes.

■ However, the Debtor asserts that because Jerry Dickinson does not "reside" in the property he is not entitled to any homestead exemption, and that, therefore, Debtor would receive the entire $30,000 exemption. This argument seems to be supported by *In re Pruitt, supra.* But a careful reading of *Pruitt* shows that the homestead exemption amount was set aside for the debtor *"and his [non-debtor] wife as joint tenants "* [emphasis added]. Here, we do not have the co-owners as spouses, but as ex-spouses. In the *Pruitt* case the court was not concerned with how the homestead exemption amount was divided between the co-owners simply because they were still husband and wife and there was no need to divide or apportion that sum. Here, we have two co-owners competing for the equity in the home. What the Debtor fails to recognize is that the state court has determined Jerry Dickinson's *ownership* interest in the home and its proceeds. That ownership interest is that after the mortgage and costs of sale are paid, Jerry Dickinson *owns* the following: (1) $16,500 as a return of his inheritance; (2) $35,283.00 as his share of Debtor's P.E.R.A. and T.S.A. accounts; and ½ of the balance of the net proceeds. Included in that "balance of the net proceeds" is his share of the homestead exemption amount, or $15,000. He is not claiming this as a "creditor," but as an "owner."

The case of *University National Bank v. Harsh,* 833 P.2d 846 (Colo.App.1992) does not require a different conclusion. There the one joint owner was the only owner legally entitled to claim the homestead exemption, and was allowed to claim the full amount *vis a vis* a creditor. That is what Calculation B herein accomplishes. But in *Harsh* as in *Pruitt,* the court was not called upon to

determine the relative rights of the co-owners to the exemption amount.

Thus, the Court finds and concludes that for purposes of determining the amount of the Debtor's "equity" that is subject to the claims of creditors in this bankruptcy estate, Calculation B, *supra*, should be used. If the sales price and costs of sale shown therein are accurate, then the Debtor has $4,858.50 in non-exempt equity that (1) may be subject to the claimed secured position of creditor John T. Sullivan (which issue this Court has set for another hearing) and; (2) unsecured creditors. These calculations are, of course, subject to adjustment based upon the actual sales price obtained, the actual costs of sale, and the actual pay off of the mortgage.

Further, the Court finds and concludes that Jerry Dickinson is the owner (again assuming the numbers in Calculation B are correct) of the following amounts of the proceeds of the sale of the property:

| | |
|---|---|
| Jerry (Inheritance) | $16,500.00 |
| Jerry (Retire. share) | 35,283.00 |
| Share of homestead amount | 15,000.00 |
| ½ of net equity | 4,858.50 |
| Total | $71,641.50 |

It is, therefore,

ORDERED that (subject to actual figures upon the sale of the property) the Debtor is allowed to claim the $30,000 homestead exemption as set forth in Calculation B, *supra*. It is

FURTHER ORDERED that (subject to actual figures upon the sale of the property) Jerry Dickinson is the owner of $71,641.50 of the proceeds of the sale of the property.