**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In re: DONALD KENTON KESTER;
CHARLOTTE YVONNE KESTER,

       Debtors,

------------------------

CHRISTOPHER J. REDMOND,
Trustee,

       Appellant,

  v.

DONALD KENTON KESTER;
CHARLOTTE YVONNE KESTER,

       Appellees.

No. 06-3114

---

In re: DONALD KENTON KESTER;
CHARLOTTE YVONNE KESTER,

       Debtors,

------------------------

CHRISTOPHER J. REDMOND,
Trustee,

       Appellant,

  v.

No. 06-3116

DONALD KENTON KESTER;
CHARLOTTE YVONNE KESTER,

     Appellees.

**APPEAL FROM THE UNITED STATES BANKRUPTCY
APPELLATE PANEL FOR THE TENTH CIRCUIT
(BAP NOS. KS-05-107 & KS-05-95)**

Submitted on the brief:[*]

Christopher J. Redmond, Eric J. Howe, Husch & Eppenberger, LLC, Kansas City, Missouri, for Appellant.

Before **TYMKOVICH**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

**TYMKOVICH**, Circuit Judge.

     This case is before us following our certification of a novel and dispositive issue of state law to the Kansas Supreme Court. In 1996, Donald and Charlotte Kester transferred by quit claim deed ownership of their principal residence to self-settled living revocable trusts (collectively, "the Trust"). Both of the Kesters were named as beneficiaries of the Trust. In 2002, they filed a joint petition for

---

[*]    After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Chapter 7 bankruptcy, claiming their residence as exempt under the Kansas homestead statute, Kan. Stat. Ann. § 60-2301. The trustee in bankruptcy challenged the debtors' assertion of a homestead interest in their residence and filed an adversary proceeding to compel turnover of the residence held by the Trust. The bankruptcy court held that the Kesters were entitled to the homestead exemption, notwithstanding the fact that legal title to the real property was held by the Trust. *Redmond v. Kester (In re Kester)*, 339 B.R. 764, 770 (Bankr. D. Kan. 2005). The Bankruptcy Appellate Panel (BAP) affirmed. *Redmond v. Kester (In re Kester)*, 339 B.R. 749, 754, 756 (B.A.P. 10th Cir. 2006). The trustee appeals to this court, asserting that the Kesters cannot claim the homestead exemption in their residence because legal title to the residence is held by the Trust, not by the debtors.

We certified the following question to the Kansas Supreme Court:

> May a Chapter 7 bankruptcy debtor claim the homestead exemption allowed by Kan. Stat. Ann. § 60-2301 for real property that was placed in a self-settled living revocable trust prior to the bankruptcy, where the settlor and the beneficiary, as well as the bankruptcy debtor, are the same person?

Acknowledging Kansas' longstanding policy to protect its citizens from the hardships of losing the family home, the Kansas Supreme Court answered the question in the affirmative. *Redmond v. Kester*, 159 P.3d 1004, 1007, 1010 (Kan. 2007). The court noted that the homestead statute, § 60-2301, is derived

-3-

from the Kansas Constitution and codifies a right that "has been zealously guarded and enforced by the courts of [Kansas]." *Id.* at 1007.

As beneficiaries of the Trust, the Kesters hold an equitable interest in the real estate owned by the Trust. "[A]n equitable interest is sufficient to claim the homestead exemption as long as the claimant occupies the real estate." *Id.* at 1010. Accordingly, under these circumstances, the Kesters are entitled to claim the homestead exemption in their residence. Summary judgment therefore was correctly denied in the trustee's adversary proceeding. The answer to our certified question is clear and requires us to affirm the bankruptcy court and the BAP.

This holding also disposes of the trustee's challenge to the order dismissing Charlotte Kester's bankruptcy case. The bankruptcy court found that after the residence was exempted as a homestead, Mrs. Kester had no assets of consequential value for distribution to her creditors. Therefore, the court determined that her situation was "one of the rare instances in which dismissal operates as a benefit to creditors" because they were more likely to receive satisfaction of their claims outside the bankruptcy proceeding. *Redmond*, 339 B.R. at 773. The BAP affirmed. *Redmond*, 339 B.R. at 756. The trustee's challenge to this ruling is based on his argument that Mrs. Kester is not entitled to

claim the homestead exemption. Because we have rejected this argument, we affirm the bankruptcy court and the BAP on this point, as well. Appellant's motion to stay the case is denied as moot.

AFFIRMED.