**FILED**
**U.S. Bankruptcy Appellate Panel**
**of the Tenth Circuit**

**January 26, 2018**

**Blaine F. Bates**
**Clerk**

NOT FOR PUBLICATION[*]

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

_____

IN RE LARRY WAYNE PARR, aka Larry
W. Parr and Larry Parr,

Debtor.

_____

LARRY WAYNE PARR, aka Larry W.
Parr and Larry Parr,

Appellant,

v.

SIMON E. RODRIGUEZ, Chapter 7
Trustee and UNITED STATES TRUSTEE,

Appellees.

BAP No. CO-17-021

Bankr. No. 15-14201
Chapter 7

OPINION

_____

Appeal from the United States Bankruptcy Court
for the District of Colorado

_____

Submitted on the briefs.[**]

_____

---

[*]    This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

[**]    After examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal, and therefore grants the parties' request for a decision on the briefs without oral argument. *See* Fed. R. Bankr. P. 8019(b). The case is therefore submitted without oral argument.

Before **CORNISH**, **NUGENT**, and **MOSIER**, Bankruptcy Judges.

_____

**NUGENT**, Bankruptcy Judge.

_____

Colorado citizens enjoy the right to exempt a dollar-limited portion of their homesteads from execution.[1] The dollar limit is higher for elderly homeowners.[2] Across the country, many individual homeowners convey their residences and other assets to self-settled living trusts, for estate planning or other purposes. Other states' laws provide that these settlor-trustees retain an equitable interest in the homesteads they've conveyed and allow those citizens to exempt those equitable interests. Debtor Larry W. Parr listed 2710 W. Union in Englewood, Colorado (the "Englewood Property") as his address on his petition, but he did not hold legal title to the Englewood Property. Years before, he transferred his interest in the Englewood Property to his revocable living trust. After the Chapter 7 Trustee revoked that trust, Parr claimed that the Englewood Property was his homestead. The bankruptcy court sustained the Trustee's objection to Parr's exemption, holding that interests held in a trust cannot be exempt homesteads as a matter of Colorado law because only individual owners, and not trusts, can occupy a homestead. Parr appealed. Because we conclude that a settlor's interest in a homestead held in a self-settled living revocable trust may be exempted under Colorado law, we reverse the decision of the bankruptcy court and remand for the bankruptcy court to determine whether Parr occupied the Englewood Property as his homestead and if so, the amount of

---

[1]     COLO. REV. STAT. § 38-41-201(1)(a) (2017).

[2]     COLO. REV. STAT. § 38-41-201(1)(b) (2017).

proceeds from the sale of the Englewood Property Parr should receive on account of his homestead exemption.

Appellate Jurisdiction

A bankruptcy court order granting or denying a claim of exemption is a final order.[3] We have jurisdiction over this appeal.

Standard of Review

Except for one point, Parr's age on the date of the petition, there is very little material factual dispute.[4] We review the bankruptcy court's findings of fact for clear error.[5] We review the bankruptcy court's legal conclusions *de novo*.[6]

Facts

Back in 2001, long before he filed this bankruptcy case, Larry Parr deeded the Englewood Property that he sought to exempt to the Larry W. Parr Living Trust, dated December 29, 2000 (the "Living Trust").[7] The Englewood Property is unencumbered.

---

[3]     *In re Brayshaw*, 912 F.2d 1255, 1256 (10th Cir. 1990); *In re Duncan,* 294 B.R. 339, 341-42 (10th Cir. BAP 2003).

[4]     The Colorado homestead statute enhances the value of a homestead exemption for elderly or disabled owners. *See* COLO. REV. STAT. § 38-41-201(1)(b) (2017). Claims of exemption are determined as of the date of the petition. *In re Hall,* 441 B.R. 680, 685 (10th Cir. BAP 2009).

[5]     *In re Meridian Reserve, Inc.,* 87 F.3d 406, 409 (10th Cir. 1996).

[6]     *In re Borgman,* 698 F.3d 1255, 1259 (10th Cir. 2012) (holding the validity of claimed state law exemption is reviewed *de novo* without deferring to the bankruptcy court's interpretation of the exemption statute.).

[7]     Trial Ex. B, General Warranty Deed, *in* Appellee's App. at 11-12.

Under the terms of the Living Trust as it was revised in 2006, Parr conveyed his assets to himself as trustee, retaining full rights to remove any property from the Living Trust at any time. He could also revoke the Living Trust at any time.[8] Parr filed a Chapter 11 case in the District of Colorado on April 21, 2015. After the case was converted to Chapter 7 on July 21, 2015, Simon E. Rodriguez was appointed Chapter 7 Trustee ("Trustee"). Before that, in June, Parr amended his petition and Schedule A to reflect that he personally did not own any real property. At the same time, he filed an amended Schedule C, but did not claim an exempt interest in the Englewood Property he had deeded to the Living Trust. Only after the Trustee revoked the Living Trust in August of 2016[9] did Parr amend his Schedule C again, this time claiming a homestead exemption in the Englewood Property under the Colorado homestead statute, COLO. REV. STAT. § 38-41-201. The Trustee objected to this exemption in January of 2017,[10] and, after an evidentiary hearing on the objection in May,[11] the bankruptcy court sustained it in the June 2017 order appealed here.[12]

---

[8] The Amended and Restated Trust Agreement of the Larry W. Parr Living Trust, *in* Appellant's App. at 43-44.

[9] Trial Ex. D, Notice of Revocation of the Larry W. Parr Living Trust, *in* Appellee's App. at 13-16.

[10] Trustee's Objection to Debtor's Amended Claim of Exemption, *in* Appellee's App. at 1-3.

[11] Minutes of Electronically Recorded Proceeding, *in* Appellee's App. at 7.

[12] Order on Trustee's Objection to Exemption, *in* Appellant's App. at 5-7.

Meanwhile, in March of 2017, the Trustee filed and prosecuted a Colorado state court unlawful detainer proceeding, seeking to evict Parr and obtain possession of the Englewood Property so that he could sell it.[13] In the state court proceeding, the Trustee maintained that Parr unlawfully inhabited one of the buildings on the Englewood Property. The state court agreed, granting the Trustee's request for possession, issuing a writ of restitution, and evicting Parr from the Englewood Property.[14] The Trustee also filed a motion in the bankruptcy court to sell the Englewood Property that the bankruptcy court granted on May 24, 2017.[15] The Trustee has a contract for the sale of the property for $1.4 million, much more than the $90,000 limit of the applicable Colorado homestead exemption.[16] In the state court proceeding, the Trustee described the procedural background, explaining that there was a pending contract for sale of the property subject to the bankruptcy court's approval and that the Trustee's objection to Parr's claimed homestead exemption was also pending in the bankruptcy court.[17] The Trustee indicated

---

[13]    *See generally* COLO. REV. STAT. § 13-40-101 *et seq.* (2017) (setting forth the procedure to obtain possession of real property unlawfully detained).

[14]    Trial Ex. E, Tr. of March 30, 2017 State Court Proceeding at 26-28, *in* Appellee's App. at 42-44.

[15]    Order Granting Motion to (A) Sell Real and Personal Property Pursuant to 11 U.S.C. §§ 363(b) and (f); (B) Allow Administrative Expenses Incurred in Connection with the Sales; and (C) Compromise Controvery [sic], *in* Appellant's App. at 19-21.

[16]    Trial Ex. E, Tr. of March 30, 2017 State Court Proceeding, *in* Appellee's App. at 30; COLO. REV. STAT. § 38-41-201(1)(b) (2017).

[17]    Trial Ex. E, Tr. of March 30, 2017 State Court Proceeding at 11-12, 14, *in* Appellee's App. at 27-28, 30.

that if Parr's claimed homestead exemption was allowed in bankruptcy court, there would be proceeds to pay Parr. The Trustee stated, "[t]he only remaining question on the homestead, is Mr. Parr entitled to cash; *i.e.,* . . . is there a homestead? And if so, what's the amount? But if he's not entitled – there is no possessory right that is attendant to that."[18]

There was apparently no dispute that Parr occupied part of the Englewood Property as his home in March of 2017 though the record is woefully incomplete on that point. The appealed order suggests Parr lived at the Englewood Property on the date of filing.[19] Much to the surprise of the Trustee, Parr claimed at the eviction hearing that he occupied a building that was a business office on the Englewood Property, thus raising for the first time the prospect that the Englewood Property is not a "house and lot"[20] eligible for the homestead exemption.[21] The Trustee did not raise this issue in his objection and the bankruptcy court did not consider that issue in sustaining it.[22]

---

[18]     Trial Ex. E, Tr. of March 30, 2017 State Court Proceeding at 22, *in* Appellee's App. at 38.

[19]     The bankruptcy court found that Parr "listed the address of the [Englewood] Property as his street address on the bankruptcy petition," a fact that the bankruptcy court could take judicial notice of. Order on Trustee's Objection to Exemption at 1, *in* Appellant's App. at 5.

[20]     *See* COLO. REV. STAT. § 38-41-205 (2017) (describing what a homestead may consist of).

[21]     Trial Ex. E, Tr. of March 30, 2017 State Court Proceeding at 17-19, *in* Appellee's App. at 33-35.

[22]     *See* Trustee's Objection to Debtor's Amended Claim of Exemption at 2-3, *in* Appellee's App. at 2-3. The bankruptcy court's ruling focused on ownership of the

Parr failed to include a transcript of the May 2, 2017 exemption hearing or the bankruptcy court's docket card in his appendix. While that alone might justify dismissal of this appeal, there is a sufficient record to allow us to decide the legal issue of whether Parr can claim a valid homestead interest in the trust property. Because we conclude that Parr could legally exempt his equitable interest in an otherwise eligible homestead, what remains to be determined is whether he occupied the Englewood Property as his homestead on the date of the petition and if so, how much of the proceeds he should receive when the Trustee's sale is closed.

Analysis

Colorado opted out of the Bankruptcy Code's exemptions under 11 U.S.C. § 522(b)(2).[23] Colorado's state law exemptions apply to Colorado residents who file bankruptcies there. The Colorado homestead exemption statute in effect on April 21, 2015, COLO. REV. STAT. § 38-41-201, exempted from execution and attachment "every homestead"[24] not exceeding, in actual cash value exceeding any liens or encumbrances on the homestead property, up to $60,000 "if the homestead is occupied as a home by an owner thereof or the owner's family,"[25] and up to $90,000 if the owner is disabled or

---

Englewood Property, not whether Parr occupied the property as his homestead. *See* Order on Trustee's Objection to Exemption at 2-3, *in* Appellant's App. at 6-7.

[23]    COLO. REV. STAT. § 13-54-107 (2017).

[24]    *See* COLO. REV. STAT. § 38-41-201 (2017).

[25]    *Id.*

elderly.[26] The homestead may consist of "a house and lot"[27] and must be occupied by the owner or owner's family.[28] The Colorado Supreme Court and lower appellate courts have recognized that, to be exempt, an individual's ownership is not necessarily limited to a fee interest.[29]

As the bankruptcy court pointed out here, those courts have not directly addressed whether the settlor of a self-settled revocable trust may claim a homestead interest in the trust's real property. The bankruptcy court agreed with the Trustee's contention that because the Living Trust, and not Parr, had legal title to the Englewood Property on the petition date, Parr could not exempt it as his homestead. This holding disregards

---

[26] Effective July 1, 2015, the homestead exemption dollar limits were increased for owners from $60,000 to $75,000, and increased for elderly or disabled owners from $90,000 to $105,000. *See* Colo. Sess. Laws 2015, ch. 301, §§ 6, 7. Because Parr filed his bankruptcy petition prior to the effective date of the amendments to the dollar limits, the former amounts -- $60,000 and $90,000, respectively – are applicable. The exemption statute in effect on the original petition date and not the conversion date controls the availability of the exemption. *In re Marcus,* 1 F.3d 1050, 1052 (10th Cir. 1993).

[27] COLO. REV. STAT. § 38-41-205 (2017).

[28] COLO. REV. STAT. § 38-41-203 (2017).

[29] *See Dallemand v. Mannon*, 35 P. 679, 681 (Colo. App. 1894) (holding equitable title, a lease for a term of years, or any title which may be subject to levy and sale, may be claimed exempt as homestead); *Brooks v. Black*, 123 P. 131, 134 (Colo. App. 1912) (holding possessor of land under an executory contract of purchase may claim homestead exemption). *See also In re Hellman*, 474 F. Supp. 348, 350 (D. Colo. 1979) (holding Colorado law allows husband and wife to exempt leasehold interest in home; fee interest is not required); *In re Wells*, 29 B.R. 688, 690 (Bankr. D. Colo. 1983) (determining debtor who occupied half of a duplex and rented other half out did not impair debtor's right to exempt the equity in the entire structure); *In re Parrish*, 19 B.R. 331, 333 (Bankr. D. Colo. 1982) (homestead exemption available to homeowners and nonhomeowners alike).

Colorado precedent concerning the ownership a settlor of a self-settled revocable trust holds. It also ignores the many species of equitable ownership that Colorado courts have allowed owners to exempt as a homestead.

In Colorado, a self-settling trustee like Parr retains an ownership interest in the assets of his trust. Recently, the Colorado Supreme Court determined that a settlor's creditors may execute on assets titled in the settlor's revocable trust.[30] In *Pandy v. Independent Bank*,[31] the Pandys conveyed Colorado real estate to themselves as cotrustees of a revocable trust. A bank was granted two judgments against Mr. Pandy in Michigan and domesticated those judgments in Grand County, Colorado. The bank then sought to foreclose its judgment lien in the trust real estate. The Colorado Supreme Court granted certiorari to review the issue of whether revocable trust property can be subjected to a judgment lien filed against the judgment debtor who was a cosettlor of the trust.[32] The Colorado Supreme Court held that if the settlor of a revocable trust retains the right to revoke it and reclaim the trust property, that amounts to the "functional equivalent of ownership of the trust assets"[33] and is therefore subject to the claims of the settlor's creditors. In reaching this conclusion, the Colorado Supreme Court cited to, among other

---

[30]   *Pandy v. Indep. Bank*, 372 P.3d 1047 (Colo. 2016).

[31]   *Id.*

[32]   *Id.* at 1048, n. 1.

[33]   *Id.* at 1049 (quoting Austin Wakeman Scott, William Franklin Fratcher & Mark L. Ascher, *Scott & Ascher on Trusts* § 15.4.2, at 960 (5th ed. 2007) and citing the RESTATEMENT (THIRD) OF TRUSTS).

cases, our opinion in *In re Kester*[34] where we concluded that the general rule in Kansas is that during a trust settlor's lifetime, the property of a revocable trust is subject to the claims of the settlor's creditors.[35]

The Colorado Supreme Court not only looked to *Kester* and the law in other states, but also two respected secondary trust law sources. One, the RESTATEMENT (THIRD) OF TRUSTS, states that "property held in [a revocable] trust is subject to the claims of creditors of the settlor . . . if the same property belonging to the settlor . . . would be subject to the claims of the creditors. . . ."[36] Another treatise on trusts allows that "[t]he courts, as well as the legislatures, have concluded, in a variety of contexts, that the assets of a revocable trust are, in fact, subject to the claims of the settlor's creditors, both during the settlor's lifetime and after the settlor's death."[37] The Colorado Supreme Court has further held that as a matter of Colorado law the assets of a settlor's revocable trust are properly subject to claims of the settlor's judgment creditor because the settlor functionally owns them.

Our holding in *Kester* informs our view of this case and though it interprets Kansas' homestead exemption law, the Kansas statute, like Colorado's, allows the

---

[34]     *In re Kester*, 339 B.R. 749, 755 (10th Cir. BAP 2006), *aff'd* 493 F.3d 1208 (10th Cir. 2007).

[35]     *Pandy* at 1050 (citing *Kester*, 339 B.R. at 755).

[36]     *Id.* (quoting RESTATEMENT (THIRD) OF TRUSTS § 25 cmt. e (2016)).

[37]     *Id*. (citing Austin Wakeman Scott, William Franklin Fratcher & Mark L. Ascher, *Scott & Ascher on Trusts* § 15.4.2, at 960 (5th ed. 2007)).

"owner or [] the family of the owner"[38] a homestead exemption in certain property occupied as a residence.[39] In *Kester*, the Chapter 7 debtors attempted to claim as exempt their residence that had been transferred prepetition to a self-settled living revocable trust. The Chapter 7 trustee objected, but the bankruptcy court overruled that objection, holding that the debtors could exempt their equitable interest in the residence despite its being legally titled in the trust, and the trustee appealed. Noting that the Kansas Supreme Court has held that a trust beneficiary holds equitable title and a trustee holds legal title to property held in trust, we concluded that the debtors retained an equitable interest in the residence sufficient to make it property of the estate.[40] Regarding the debtors' homestead exemption, we concluded that—

> It is settled law in Kansas that equitable title can support a claim of homestead exemption. The Kansas Supreme Court has held that "[a] homestead right of occupancy may be established upon a cotenancy title, an equitable title, or an executory contract to purchase, a leasehold estate, or an estate for life, as against almost any class of claimants except cotenants." Likewise,
>
> > [a]n equitable owner of real estate may occupy and hold the same as his homestead, subject to all the rights, privileges, immunities and disabilities given and imposed by the homestead exemption laws. (Following *Tarrant v. Swain*, [15 Kan. 146 (1875)].) And being in the actual occupancy of the land, all persons must take notice of his homestead interests.

---

[38] KAN. STAT. ANN. § 60-2301 (2005).

[39] *Kester*, 339 B.R. at 755

[40] *Id.* at 752 (citing *Gillespie v. Seymour*, 823 P.2d 782 (Kan. 1991).

Absent some authority or sound policy to the contrary, we conclude that the same rationale would be applied to the facts of this case.[41]

We affirmed the bankruptcy court's decision allowing the Kesters to claim their residence exempt under the Kansas homestead exemption statute. On appeal to the Tenth Circuit Court of Appeals, the Circuit certified to the Kansas Supreme Court the question whether the Kesters could exempt their homestead despite it being titled in a revocable living trust. The Kansas Supreme Court answered that they could and, conforming to the Kansas court's answer, the Tenth Circuit affirmed the bankruptcy court and the Bankruptcy Appellate Panel.[42]

Colorado appellate courts have long held that individuals maintaining an equitable ownership interest in their residence may, if they are otherwise qualified to do so, claim a homestead exemption despite not holding legal title to their domicile. In *Brooks v. Black*,[43] Black conveyed his residence to his wife who, in turn conveyed the property to a corporation who gave her in return a "bond for deed"[44] by which it agreed to reconvey it to her when she had repaid certain funds. She and Black continued to occupy the residence. When Brooks obtained a judgment against Black, Brooks executed and Mrs. Black promptly asserted that the property was her homestead. The Court of Appeals of

---

[41]     *Id. at* 753.

[42]     *Redmond v. Kester*, 159 P.3d 1004 (2007) (answering question of law certified by the Tenth Circuit); *In re Kester,* 493 F.3d 1208, 1210 (10th Cir. 2007) (affirming the bankruptcy court and the Bankruptcy Appellate Panel).

[43]     *Brooks v. Black*, 123 P. 131 (Colo. App. 1912).

[44]     *Id.* at 134.

Colorado held that neither fraudulent conveyance aspects of Black's deed to Mrs. Black nor the corporation's legal title to the property was an obstacle to her claiming the homestead exemption.[45] Answering whether Mrs. Black could claim a homestead in property she was purchasing on a bond for deed, the court stated—

> The nature or extent of the estate or interest of the occupant that may be sheltered under the provisions of the act is not specified or limited. Any interest with possession is sufficient to support the homestead right. Nor is the character of the title limited in any other respect than that it shall be of record.[46]

In another early case, the same court held that a cotenant residing on property could successfully assert a homestead in it. The court stated,

> It has been repeatedly, and, in so far as we know, uniformly, held that an ownership in fee is not essential; that an equitable title, a lease for a term of years, or any title which may be the subject of levy and sale may also be the subject of a homestead claim . . . .[47]

More recently, in a case relied upon by the bankruptcy court here, the Colorado Court of Appeals said that "the homestead exemption attaches automatically upon occupancy of real property as a home by the owner or the owner's family."[48] In that case, the court allowed the exemption to a widow who, as trustee of her trust, had caused the trust to deed back to her its cotenant's interest, held with her deceased husband's trust's interest, in the couple's house. Because the widow was the only cotenant capable of occupying the

---

[45] *Id. at* 133 (citing *McPhee v. O'Rourke*, 15 Pac. 420 (Colo. 1887)).

[46] *Id.* at 134.

[47] *Dallemand v. Mannon*, 35 P. 679, 681 (Colo. App. 1894).

[48] *Univ. Nat. Bank v. Harsh*, 833 P.2d 846, 847 (Colo. App. 1992).

homestead, she was permitted to exempt it to the full extent of the statutory homestead allowance.[49]

These authorities are analogous to the Kansas cases we relied on in *Kester*. As we said there, "[w]hen the federal courts are called upon to interpret state law, the federal court must look to the rulings of the highest state court, and, if no such rulings exist, must endeavor to predict how that high court would rule."[50] Given long-standing Colorado precedent that grants homestead status to individuals' residences no matter how they are legally held so long as those owners fulfill the homestead statute's other requirements, we may safely predict that a Colorado appellate court would find that a resident occupying property that has been conveyed to a revocable self-settled trust has the "functional equivalent of ownership"[51] and thus may claim that property as his homestead. Parr is entitled to claim an exemption in the Englewood Property as a matter of law, if in fact it was occupied as his homestead, up to the statutory dollar limit imposed by COLO. REV. STAT. § 38-41-201.

It appears that Parr lived in the Englewood Property during the pendency of his bankruptcy. After the Trustee revoked the trust, he evicted Parr by means of a Colorado state court unlawful detainer proceeding. In the course of that proceeding, the Trustee recognized that if the debtor's interest in the Englewood Property is determined to be the

---

[49]  *Id*.

[50]  *In re Kester*, 339 B.R. 749, 755 (10th Cir. BAP 2006), *aff'd* 493 F.3d 1208 (10th Cir. 2007) (quoting *Johnson v. Riddle*, 305 F.3d 1107, 1118 (10th Cir. 2002)).

[51]  *Pandy v. Indep. Bank*, 372 P.3d 1047 (Colo. 2016).

debtor's exempt homestead, the estate will have to pay the debtor the value of the homestead property up to the statutory limit to which Parr is entitled. Nothing in the record before us substantiates Parr's age on the date of the petition. Under the version of the homestead statute then in effect, Parr could have exempted up to $60,000 unless he qualified as an "elderly owner,"[52] in which event he could exempt up to $90,000. Because the bankruptcy court denied the exemption as a matter of law on the basis of Parr's lack of ownership, it had no reason to make findings about his occupancy or age.

We REVERSE the bankruptcy court's order denying Parr a homestead exemption because we hold that, as a matter of Colorado law, an otherwise qualified Colorado debtor may exempt a homestead interest in property that is held in a self-settled revocable living trust. We REMAND this case to the bankruptcy court to determine whether Parr occupied the Englewood Property as his homestead on the date of the petition[53] and, if so, whether he was an elderly owner within the meaning of COLO. REV. STAT. § 38-41-201(2)(b), entitling him to the greater $90,000 exemption limit from the proceeds of the sale of the Englewood Property.

---

[52] *See supra* note 26; COLO. REV. STAT. § 38-41-201(2)(b) (2017) (defining elderly owner as an owner who is sixty years of age or older).

[53] COLO. REV. STAT. § 38-41-205 provides that a homestead may consist of "a house and lot or lots."