The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
November 21, 2024

**2024COA122**

**No. 24CA0313, *Welcome to Realty v. Wilson* — Real Property —
Homestead Exemptions — Surviving Spouse and Minor
Children**

A division of the court of appeals holds that, under the plain
language of section 38-41-204, C.R.S. 2024, a homeowner's
homestead exemption may not be claimed by an adult child of the
homeowner upon the homeowner's death.  In that event, the
deceased homeowner's entire interest in the property can be used to
satisfy the deceased homeowner's debts.

COLORADO COURT OF APPEALS                                    **2024COA122**

Court of Appeals No. 24CA0313
Arapahoe County District Court No. 23CV332
Honorable Elizabeth Beebe Volz, Judge

Welcome to Realty, LLC 401k PSP,

Plaintiff-Appellant,

v.

Betsy Wilson,

Defendant-Appellee.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE J. JONES
Lipinsky and Sullivan, JJ., concur

Announced November 21, 2024

Hatch Ray Olsen Conant LLC, Christopher J. Conant, Denver, Colorado, for
Plaintiff-Appellant

Colorado Legal Services, Alex Witteveld, Matt Forstie, Fort Collins, Colorado, for
Defendant-Appellee

¶ 1    Plaintiff, Welcome to Realty, LLC 401k PSP (Welcome), sued to evict defendant, Betsy Wilson, after Wilson refused to vacate her late mother's house, which Welcome had obtained through a sheriff's sale.  Wilson counterclaimed, seeking a declaratory judgment that Welcome doesn't own the house because its failure to follow certain homestead exemption procedures, *see* § 38-41-206(1), C.R.S. 2024, rendered the sheriff's sale void.  The district court agreed with Wilson, reasoning that, even though she was fifty-seven years old when her mother died, she is entitled to a homestead exemption in the house by virtue of her familial status and occupancy and inheritance of the house.  Welcome appeals.

¶ 2    We conclude that the district court erred by ruling that Wilson is entitled to a homestead exemption in her mother's house. Section 38-41-204, C.R.S. 2024, provides that "[w]hen any person dies seized of a homestead leaving a surviving spouse or minor children, such surviving spouse or minor children are entitled to the homestead exemption."  And it also provides that when, as in this case, "there is neither surviving spouse nor minor children, the homestead shall be liable for the debts of the deceased."  *Id.*

¶ 3    Because Wilson's late mother left neither a surviving spouse nor minor children, the homestead exemption in her house terminated upon her death, and Wilson, her adult daughter, isn't entitled to it.  The district court's ruling to the contrary runs afoul of section 38-41-204's plain language.

¶ 4    Accordingly, we reverse the district court's judgment voiding the sheriff's sale and remand the case for further proceedings.

## I.    Background

¶ 5    Wilson's mother owned her house until her death on April 8, 2021.  Through her will, she devised her house in equal shares to Wilson and Wilson's brother (who isn't a party to this case).  Wilson, who had lived in the house as a child but had moved out as an adult, moved back into the house the day her mother died.

¶ 6    Several days later, Welcome bought a 2018 judgment against Wilson's mother based on a $2,163.85 unpaid dental bill.  That judgment had been recorded against the house in April 2018.  Welcome obtained a writ of execution authorizing the sale of the house to collect that judgment.  Another entity obtained a sheriff's deed to the house through a sheriff's sale.  Welcome exercised its

2

right to redeem its judgment lien and became the record owner of the house.

¶ 7 When Wilson refused Welcome's demand to move out of the house, Welcome brought a complaint in unlawful detainer against her in county court. *See* §§ 13-40-104(1)(g), -109, -110(1), C.R.S. 2024. Wilson counterclaimed, seeking a declaratory judgment that Welcome couldn't evict her because it doesn't lawfully own the house. As noted, she asserted that Welcome was required to follow section 38-41-206(1)'s homestead exemption procedures before obtaining a writ of execution because she is entitled to a homestead exemption in the house.[1] Welcome's failure to follow those procedures, she argued, rendered the sheriff's sale void. In its reply to Wilson's counterclaim, Welcome conceded that it hadn't complied with section 38-41-206(1) but maintained that such compliance wasn't required because any homestead exemption in the house terminated upon Wilson's mother's death, and, even if it didn't,

---

[1] Section 38-41-206(1), C.R.S. 2024, requires a homesteaded property owner's creditor to file, among other things, an affidavit showing a description of the homesteaded property and the name of the homestead exemption's claimant before proceeding against the property.

Wilson waived the exemption and was judicially estopped from asserting it.

¶ 8     The case was transferred to the district court to resolve the ownership issue.  After holding a hearing, the court entered a judgment voiding the sheriff's sale based on its determination that Wilson can claim the homestead exemption.

## II.     Discussion

¶ 9     Welcome contends that the district court misapplied Colorado's homestead exemption statute by determining that Wilson can claim a homestead exemption in the house.  In the alternative, Welcome contends that even if Wilson could claim the exemption, the district court erred by failing to find that she waived, or was judicially estopped from asserting, the exemption.  Because we agree with Welcome's first contention, we don't address its second.

### A.     Standard of Review

¶ 10     Welcome doesn't dispute the facts underlying the district court's judgment.  Instead, it challenges the district court's interpretation of Colorado's homestead exemption statute.

4

Statutory interpretation presents a question of law that we review de novo. *Shigo, LLC v. Hocker*, 2014 COA 16, ¶ 7.

¶ 11 Our primary goal when interpreting a statute is to effectuate the General Assembly's intent. *Id.* We look first to the statute's plain language, "read[ing] the language in the dual contexts of the statute as a whole and the comprehensive statutory scheme, giving consistent, harmonious, and sensible effect to all of the statute's language." *Krol v. CF & I Steel*, 2013 COA 32, ¶ 15. If we determine that the statute's language is clear, we enforce it as written and don't need to resort to other statutory construction principles. *Id.*

### B. Applicable Law

¶ 12 Colorado's homestead exemption statute provides that every homestead "is exempt from execution and attachment arising from any debt, contract, or civil obligation not exceeding" certain amounts, depending on who occupies the property as a home. § 38-41-201(1), C.R.S. 2024. But this exemption attaches to the property only if the homesteaded property is "occupied as a home by the owner thereof or his family." § 38-41-203, C.R.S. 2024. If this occupancy requirement is met, "[t]he homestead exemptions described in section 38-41-201 shall be deemed created." § 38-41-

5

202(1), C.R.S. 2024; *see Univ. Nat'l Bank v. Harsh*, 833 P.2d 846, 847 (Colo. App. 1992) ("[T]he homestead exemption attaches automatically upon occupancy of real property as a home by the owner or the owner's family.").

¶ 13 However, this homestead exemption continues after the owner's death only in certain circumstances. If the owner of the homestead dies leaving a surviving spouse or minor children, the spouse or minor children may claim the exemption. § 38-41-204. But if the owner dies without a surviving spouse or minor children, "the homestead shall be liable for the debts of the deceased." *Id.*

### C. Analysis

¶ 14 The district court concluded that Wilson is entitled to a homestead exemption by virtue of her occupancy of the house as either (1) a family member of the deceased owner; or (2) the owner, because she inherited the house through her mother's will. In reaching that conclusion, it appears that the court found section 38-41-204 at odds with the broad language in sections 38-41-201(1)(a) and -203, which, as noted, provide that there is a homestead exemption for the property "if the homestead is occupied as a home by *an owner or an owner's family*." § 38-41-201(1)(a)

6

(emphasis added); *see* § 38-41-203 ("Said property, when so homesteaded, shall only be exempt . . . while occupied as a home by *the owner thereof or his family*.") (emphasis added).[2]  Noting that it must construe the homestead exemption liberally, *see In re Estate of Dodge*, 685 P.2d 260, 263 (Colo. App. 1984), the court relied on sections 38-41-201 and -203 to conclude that the homestead exemption may be claimed not only by the owner, but also by any (1) deceased owner's family member who is residing in the home; or (2) devisee who inherits the owner's property by will, provided that the devisee occupies the property as a home.  In so concluding, the court misconstrued sections 38-41-201 and -203 and failed to give effect to section 38-41-204.

¶ 15    Sections 38-41-201(1)(a) and -203 plainly describe the circumstances under which the homestead exemption is created or exists — when the home is occupied by the owner or the owner's family.  *See* § 38-41-202 (if the occupancy requirement of section 38-41-203 is met, "the homestead . . . shall be *deemed created*") (emphasis added); *Univ. Nat'l Bank*, 833 P.2d at 847 ("[T]he

---

[2] The court said it needed to "determine *which* provision applies in this case."

homestead exemption *attaches* automatically upon occupancy of real property as a home by the owner or the owner's family.") (emphasis added). But regardless of who may claim the exemption while the owner is alive — an issue we don't need to resolve — section 38-41-204 is clear about what happens to the owner's exemption when the owner dies.

¶ 16 When the homestead owner dies, the right to claim the homestead exemption may pass to only two types of family members — the owner's surviving spouse or the owner's minor children. In cases where there isn't a surviving spouse or minor children, the homestead interest terminates, and the entirety of the deceased homeowner's interest in the property may be used to satisfy the deceased homeowner's debts. § 38-41-204; *see also* § 38-41-208(2), C.R.S. 2024 ("If the property qualifies as a homestead for a joint tenant who is not related to any other joint tenant as husband or wife or parent and minor child, then, upon the death of such joint tenant, his homestead shall cease and terminate, and the property shall be held by the surviving tenants free of any homestead interest . . . .").

¶ 17    Accordingly, while sections 38-41-201(1)(a) and -203 may have exempted the homestead property from execution arising from Wilson's mother's unpaid dental bill while she was alive, those sections ceased to apply once she died, and Wilson can't rely on them to claim the exemption — either as her mother's family member or as an equitable owner herself.  Rather, whether the homestead exemption survived for Wilson's benefit upon her mother's death is governed by section 38-41-204.

¶ 18    Under a plain reading of that section, the homestead interest terminated because Wilson's mother died leaving neither a surviving spouse nor minor children.  *See In re Boddy*, 593 B.R. 643, 655 (Bankr. D. Colo. 2018) ("[T]he Colorado legislature has limited the benefit of a homestead exemption to the debtor's surviving spouse and minor children.  If the debtor leaves neither a surviving spouse nor minor children, the exemption is available to satisfy the debtor's creditors.").

¶ 19    Our interpretation of the relevant sections comports with decisions by courts in other jurisdictions interpreting similar homestead statutes.  *E.g., In re Mazoue*, 240 B.R. 878, 881 (E.D. La. 1999) (under Louisiana's homestead exemption statute, an adult

child wasn't entitled to a homestead exemption for his ownership interest in inherited property on which he resided with his mother and brother because the statute extends the homestead exemption only to a surviving spouse or minor children of the deceased owner); *Sanders v. Thigpen*, 168 So. 2d 228, 230 (Ala. 1964) (Under Alabama's homestead exemption statute, "when a woman dies, the family which she leaves behind and which has the right to protection in the homestead she leaves is composed of her minor children.  Children who have attained their majority at the time of her death have no rights, 'presumably we judge because they are deemed able to care for themselves and establish homes of their own.'" (quoting *Young v. Seale*, 96 So. 2d 746, 747-48 (Ala. 1957))); *Est. of Seward*, 401 P.3d 976, 987 (Alaska 2017) (under Alaska's homestead exemption statutes, which provide an allowance "to a decedent's surviving spouse, or, if there is no surviving spouse, to each minor and other dependent child of the decedent," even if a man who claimed to be the decedent's son was the decedent's son, he wasn't entitled to a homestead allowance from the decedent's estate because he wasn't a minor or other dependent child of the decedent when the decedent died); *Sutton v. Rosser*, 34 S.E. 346,

347 (Ga. 1899) (under Georgia's homestead exemption statute, a homestead allowed to a widow out of her husband's estate for the benefit of herself and minor beneficiaries terminates when the widow dies and the minors attain majority); *see also Booth v. Goodwin*, 29 Ark. 633, 636 (1874) ("The effect of the homestead act was to suspend the rights of the creditor until the child or children became of age, and are presumed to be capable of taking care of and of supporting themselves, at which time, and not before, the rights of the creditors to satisfaction out of the estate may be asserted."); *cf. Hoppe v. Hoppe*, 37 P. 894, 895 (Cal. 1894) (an action for the partition of a homestead "set apart for the 'use of the surviving husband or wife and m[i]nor children'" can't be maintained until the children have reached majority) (citation omitted); *see generally* 40 Am. Jur. 2d *Homestead* §§ 126, 128, 147, Westlaw (2d ed. database updated Oct. 2024).

¶ 20 We aren't persuaded otherwise by Wilson's argument that public policy requires us to construe Colorado's homestead exemption statute liberally to effectuate its underlying purpose of allowing homeowners and their families to keep their homes regardless of the homeowners' financial condition. *See Barnett v.*

11

*Knight*, 3 P. 747, 748-49 (Colo. 1884); *Shigo*, ¶ 9; *Brooks v. Black*, 123 P. 131, 134 (Colo. App. 1912). Public policy considerations can't trump the statutes' plain language. *See Wright v. Whittick*, 31 P. 490, 491 (Colo. 1892) ("[Homestead] exemption statutes are to be liberally construed so as to promote the humane policy of such legislation; but the courts cannot, by construction, annex to such statutes consequences not fairly within their purview or intent."); *see also Scoggins v. Unigard Ins. Co.*, 869 P.2d 202, 205 (Colo. 1994) ("We will not judicially legislate by reading a statute to accomplish something the plain language does not suggest, warrant[,] or mandate."); *In re Parental Responsibilities Concerning M.D.E.*, 2013 COA 13, ¶ 16 ("[T]he principle of liberal construction . . . may not be invoked to alter the plain meaning of a statute or to extend the application of its provisions beyond the clear limits of their reach.").

¶ 21 Nor may public policy be invoked to essentially render sections 38-41-204 and -208 meaningless. *See Wenzell v. United Servs. Auto. Ass'n*, 2024 COA 40, ¶ 37 (we will not read statutes in a way that would render another statute meaningless); *Hansen v. Barron's Oilfield Serv., Inc.*, 2018 COA 132, ¶¶ 35-37.

¶ 22    In sum, sections 38-41-201(1)(a), -203, and -204 of Colorado's homestead exemption laws may be read harmoniously. Sections 38-41-201(1)(a) and -203 establish the circumstances under which the homestead exemption is created (and the amount of the exemption), while section 38-41-204 establishes the circumstances under which the right to claim the exemption is inherited and by whom. Applying those sections to the undisputed facts in this case, the result is clear: Wilson isn't entitled to a homestead exemption in her mother's house because the exemption terminated when her mother died leaving neither a surviving spouse nor minor children. To the extent the house devolved to Wilson through her mother's will, it did so subject to the pre-existing judgment lien. *See* § 15-12-101, C.R.S. 2024.

¶ 23    Because the house was not subject to any homestead interest when Wilson's mother died, Welcome wasn't required to follow section 38-41-206(1)'s homestead exemption procedures before moving for a writ of execution to enforce its judgment lien against the house. The district court erred by concluding otherwise.

### III. Attorney Fees

¶ 24      Welcome requests an award of attorney fees as the prevailing party under section 13-40-123, C.R.S. 2024. That statute provides that "[t]he prevailing party in any action brought under the provisions of this article is entitled to recover . . . reasonable attorney fees . . . ." Welcome brought this forcible entry and detainer action under section 13-40-104(1)(g). But while it has prevailed as to the issue presented on appeal, it hasn't yet prevailed in the action. The issue whether Welcome is entitled to a writ of restitution of the premises, *see* § 13-40-115(2), C.R.S. 2024, remains for the district court to determine. Welcome's request is therefore premature.

### IV. Disposition

¶ 25      The district court's judgment voiding the sheriff's sale is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.

     JUDGE LIPINSKY and JUDGE SULLIVAN concur.